UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTL FCSTONE FINANCIAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) No: 2020-cv-03764 |
| PAUL K. YOON, | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant, Paul K. Yoon, through counsel, respectfully submits this Motion to Compel arbitration pursuant to Section 4 of the Federal Arbitration Act.

### INTRODUCTION

Plaintiff INTL FCStone Financial, Inc.("INTL") filed this action seeking relief for alleged conduct related to Defendant Yoon's customer application ("Application") and trading account. (Complaint, ¶ 5). Defendant Yoon's Application contains an arbitration provision, stating that "[a]ny controversy or claim arising out of or relating to your accounts shall be settled by arbitration." (Exhibit 1 to Complaint, p. ¶ 26). Plaintiff INTL specifically alleges that its claims arise from the Application associated with Defendant's account and trading activity that occurred in Defendant's account. For this reason, the Court must compel Plaintiff INTL to arbitrate this dispute.

### ARGUMENT

This Court must compel Plaintiff INTL to arbitrate this dispute. The Application containing the arbitration provision is valid, irrevocable and enforceable. See 9 U.S.C § 2. Section 4 of the Federal Arbitration Act provides that if arbitration is proper, the Court shall compel arbitration in that district. 9 U.S.C. § 4; *Bahoor v. Varonis Systems, Inc.*, 152 F.Supp.3d 1091, 1095 (N.D. Ill. 2015).

The Court must compel arbitration if (i) a written agreement to arbitrate exists, (ii) the dispute is within the scope of the arbitration agreement, and (iii) a party has refused to arbitrate. *Armbrister v. Pushpin Holdings, LLC*, 896 F.Supp. 2d 746, (N.D. Ill. 2012).

Here, the Application contains an arbitration provision whereby the parties agree to arbitrate "[a]ny controversy or claim arising out of or relating to [Defendant Yoon's] accounts . . .." Thus, an agreement to arbitrate exists. This dispute falls within the scope of the arbitration agreement because Plaintiff INTL specifically alleges that its claims arise from the Application associated with Defendant Yoon's account and trading activity that occurred in Defendant Yoon's account. Furthermore, by filing this complaint, Plaintiff has clearly refused to arbitrate. *Paragon Micro, Inc. v. Bundy*, 22 F. Supp. 3d 880, 894 (N.D. Ill. 2014); *Armbrister v. Pushpin Holdings, LLC*, 896 F.Supp. 2d 746, (N.D. Ill. 2012) (discussing that a party bringing suit against another would be sufficient to show a refusal to arbitrate). Thus, the Court must compel Plaintiff INTL to arbitrate its dispute

## CONCLUSION

For the foregoing reasons, Defendant Paul K. Yoon respectfully requests this Court to compel Plaintiff INTL to arbitration.

Dated September 2, 2020

                                              Respectfully submitted,

                                              PAUL K. YOON

                          By:    /s/ Daryl M. Schumacher
                                              One of his attorneys

James L. Kopecky
Daryl M Schumacher (6244815)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 380-6556

## CERTIFICAT OF SERVICE

    The undersigned, an attorney, certifies that he caused the foregoing document to be served all counsel of record via the CME/ECF electronic filing system on or before the close of busines son September 2, 2020.

/s/ Daryl M. Schumacher