UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTL FCSTONE FINANCIAL, INC, <br><br> Plaintiff, <br><br> v. <br><br> PAUL K. YOON, an individual, <br><br> Defendant. | Case No. 20-cv-03764 |

**INTL'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Plaintiff INTL FCStone Financial, Inc. ("INTL"), by and through its undersigned attorneys, for its Opposition to Defendant Paul K. Yoon's Motion to Compel Arbitration, states as follows:

Defendant Yoon's Motion to Compel Arbitration ("Motion to Compel") should be denied, or in the alternative, stayed until such time as Yoon has elected (or not elected) to arbitrate his claims with INTL.

**A.    INTL is Entitled to Bring Claims in Court**

The customer application Yoon signed with INTL in order to obtain his trading account (the "Application") expressly contemplates that the parties might file claims in court, and INTL has availed itself of that right. (*See* Exhibit A to Complaint, Doc. #1-1 at 23, ¶ 28) ("Customer agrees controversy between FCM and Customer arising out of this Agreement, regardless of the manner of resolution, shall be arbitrated or litigated in a court of law or otherwise resolved by a tribunal located in Chicago.") (decapitalized for readability). Here, INTL has chosen the forum of the United States District Court for the Northern District of Illinois.

**B.     Yoon Has Not Demanded Arbitration or Chosen an Arbitral Forum**

As of today, Yoon has not issued INTL an arbitration demand, nor has it initiated an arbitration proceeding, which precludes the Court from granting his Motion to Compel. In order to obtain an order compelling arbitration, a party must show "a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." *Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 798 (N.D. Ill. 2013). The element of "refusal to arbitrate" cannot be shown without written notice of a demand to arbitrate. In *Manzano*, the plaintiffs filed a collective and class action against the defendants alleging, *inter alia*, violations of the FLSA. *Id*. at 785. The defendants moved in the alternative for dismissal or an order compelling arbitration. The court found that it could not compel arbitration because there could be no refusal to arbitrate without an initial demand. Id at 798–99. Thus, "[j]udicial involvement prior to this sequence is premature. . . ." *Id*. at 799. Similarly, here, because Yoon has not made a demand for arbitration, the Court cannot compel same.

Further, Yoon's request to compel arbitration is not ripe because he has not yet determined which arbitral forum would hear the dispute. Upon receipt of Yoon's Motion to Compel, pursuant to CFTC regulations, INTL provided Yoon's counsel with a list of possible arbitral fora from which Yoon may choose. (*See* Exhibit 1, Letter of September 14, 2020). These arbitral fora include the National Futures Association, the CME Group, and the American Arbitration Association. *Id*. Pursuant to 17 C.F.R. § 166.5(c)(5), Yoon must respond to INTL within forty-five days of INTL's letter, in this case, October 29, 2020. *See* 17 C.F.R. § 166.5(c)(5). Because Yoon has not yet made a selection of an arbitral forum, there presently no venue in which the parties may be compelled to arbitrate INTL's claim, and thus there is no relief available to Yoon.

## C.  Conclusion

INTL properly elected to file its claims before this Court. Because Yoon has not yet demanded arbitration (and in particular has not yet selected a forum in which to arbitrate), Yoon has not shown that INTL has refused to arbitrate, and cannot successfully compel arbitration. For those reasons, Yoon's Motion to Compel should be denied. In the alternative, Yoon's motion should be stayed until Yoon selects an arbitral forum. In the event Yoon fails to designate an alternative forum, the procedural issue (lack of ripeness) Yoon has created will become permanent and INTL should be permitted to litigate its claims before this Court.

Dated: October 2, 2020

Respectfully Submitted,

MICHELMAN & ROBINSON, LLP

*/s/Seth E. Darmstadter*
Seth E. Darmstadter (ARDC #6284759)
Matthew R. Lasky (ARDC #6318140)
sdarmstadter@mrllp.com
mlasky@mrllp.com
200 South Wacker Drive, Suite 2900
Chicago, IL  60606-5896
Tel:  (312) 638-5671
Fax: (312) 638-5672

*Attorneys for Plaintiff*