# Exhibit 1

# M|R MICHELMAN & ROBINSON, LLP

ATTORNEYS AT LAW

**SETH E. DARMSTADTER**
sdarmstadter@mrllp.com

**Chicago Office**
200 South Wacker Drive, Suite 2900
Chicago, IL 60606
**P** 312.638.5671 **F** 312.638.5672 www.mrllp.com

September 14, 2020

**Via Electronic Mail**

James L. Kopecky
120 N. LaSalle St., Suite 2000
Chicago, IL  60602
Email: jkopecky@ksrlaw.com

> Re:  *INTL FCStone Financial, Inc. v. Yoon*, No. 2020-cv-03764
>       Notice of Qualified Organizations for Arbitration Pursuant to 17 C.F.R. § 166.5

Dear Mr. Kopecky:

We are in receipt of your September 2, 2020 Motion to Compel Arbitration in the above-referenced matter. As required pursuant to 17 C.F.R. § 166.5, FCStone hereby informs and notifies you[1] of your client's opportunity to elect one of the three qualified forums for the conduct of the arbitration proceeding:

1)   The National Futures Association, pursuant to its Code of Arbitration;

2)   The CME Group, pursuant to its Arbitration Rules; or

3)   The American Arbitration Association, pursuant to its Commercial Arbitration Rules.

We have attached a copy of the applicable arbitration rules for each of these three associations, as well as a copy of the Arbitration Agreement.

You are required to inform us, within forty-five days, of your intent to arbitrate at one of the three arbitral forums under the applicable rules listed above. Please confirm your election in writing.

If you have any questions about this notice, please do not hesitate to contact me.

Very truly yours,

**MICHELMAN & ROBINSON, LLP**

Seth E. Darmstadter

---

[1] This notice is provided for purposes of compliance with 17 C.F.R. § 166.5, and is not intended to (and does not) waive FCStone's right to oppose Mr. Yoon's Motion to Compel Arbitration, and/or FCStone's right to otherwise pursue litigation of its claims against Mr. Yoon in a court of competent jurisdiction.

# NFA Rulebook

**PDF Created: 09/14/2020 11:15:11**

---

## Code of Arbitration

---

### SECTION 1. DEFINITIONS.

*[Effective dates of amendments: April 11, 1983; July 27, 1983; February 1, 1988; November 9, 1988; January 1, 1990; February 18, 1992; May 1, 1994; March 1, 2002; September 9, 2002; December 1, 2003; August 30, 2006; February 13, 2007; June 5, 2007; October 18, 2010; October 1, 2011; and September 19, 2016.]*

As used in this Code:

**(a) "Aggregate Claim"** - means an Arbitration Claim plus any counterclaim, cross-claim and third-party claim filed in the same matter under this Code.

**(b) "Arbitration Claim"** - means a claim filed by the person instituting the Arbitration proceeding.

**(c) "Associate"** - means a person who is registered with NFA as an Associate or was so registered when the acts or transactions that are the subject of dispute occurred. (Under NFA Bylaws every person who is associated with a Member within the meaning of the term "associated person" as used in Section 4k of the Commodity Exchange Act, and who is required to be registered as such with the Commission, must register with NFA as an Associate.)

**(d) "Claim"** - means an Arbitration Claim, counterclaim, cross-claim or third-party claim filed under this Code.

**(e) "Claimant"** - means a person making a proper and timely claim under this Code.

**(f) "Commission"** - means the Commodity Futures Trading Commission.

**(g) "Commodity Pool Operator" or "CPO"** - means a commodity pool operator as that term is used in the Commodity Exchange Act, and that is required to be registered as such under the Commodity Exchange Act and Commission Rules.

**(h) "Commodity Trading Advisor" or "CTA"** - means a commodity trading advisor as that term is used in the Commodity Exchange Act, and that is required to be registered as such under the Commodity Exchange Act and Commission Rules.

**(i) "Contract Market"** - means an exchange designated by the Commission as a contract market in one or more commodities.

**(j) "Cross-claim"** - means a claim filed by one Respondent against a co-Respondent.

**(k) "Futures Commission Merchant" or "FCM"** - means a futures commission merchant as that term is used in the Commodity Exchange Act, and that is required to be registered as such under the Commodity Exchange Act and Commission Rules.

**(l) "Floor Broker"** - means a floor broker as that term is used in the Commodity Exchange Act.

**(m) "Forex"** - has the same meaning as in Bylaw 1507(b).

**(n) "Forex Dealer Member"** - has the same meaning as in Bylaw 306.

**(o) "Futures"** - includes:

> (1) futures and options contracts traded on a Commission-licensed exchange;

> (2) options contracts granted by a person that has registered with the Commission under Section 4c(d) of the Act as a grantor of such option contracts or has notified the Commission under the Commission's Rules that it is qualified to grant such option contracts;

> (3) foreign futures and foreign options transactions made or to be made on or subject to the rules of a foreign board of trade for or on behalf of foreign futures and foreign options customers as those terms are defined in the Commission's rules;

> (4) leverage transactions as that term is defined in the Commission's Rules;

> (5) security futures products, as that term is defined in Section 1a(45) of the Act; and

> (6) forex transactions (for purposes of jurisdiction under this Code).

**(p) "Introducing Broker" or "IB"** -means an introducing broker as that term is used in the Commodity Exchange Act, and that is required to be registered as such under the Commodity Exchange Act and Commission Rules.

**(q) "Leverage Transaction Merchant" or "LTM"** -means a leverage transaction merchant as that term is used in Commission Rules, and that is required to be registered as such under the Commodity Exchange Act and Commission Rules.

**(r) "Member"** - means a Member of NFA or a person that was a Member at the time the acts or transactions that are the subject of the dispute occurred.

**(s) "NFA"** - means National Futures Association.

**(t) "Panel"** - means the arbitration panel appointed pursuant to Section 4(a) of this Code.

**(u) "Person"** - includes individuals, corporations, partnerships, trusts, associations and other entities.

**(v) "Pleading"** - means an Arbitration Claim, counter-claim, cross-claim, third-party claim, Answer or Reply filed under this Code.

**(w) "President"** - means the President of NFA.

**(x) "Respondent"** - means a person against whom a claim is asserted under this Code.

**(y) "Retail Foreign Exchange Dealer" or "RFED"** - means a retail foreign exchange dealer as that term is used in the Commodity Exchange Act, and that is required to be registered as such under the Commodity Exchange Act and Commission Rules.

**(z) "Secretary"** - means the Secretary of NFA.

**(aa) "Third-party Claim"** - means a claim filed by a Respondent against a person not a party to the action.

---

## SECTION 2. ARBITRABLE DISPUTES.

*[Effective dates of amendments: April 11, 1983; June 28, 1985; November 9, 1988; June 12, 1989; January 1, 1990; February 18, 1992; September 8, 1992; May 17, 1993; May 1, 1994; March 1, 2002; September 9, 2002; December 15, 2003; and October 18, 2010.]*

**(a) Mandatory Arbitration.**

    **(1) Claims.** Except as provided in Sections 5 and 6 of this Code with respect to timeliness requirements, the following disputes shall be arbitrated under this Code if the dispute involves commodity futures contracts:

        (i) a dispute for which arbitration is sought by a customer against a Member or employee thereof, or Associate, provided that:

            (A) the customer is not an FCM, floor broker, Member or Associate;

            (B) the dispute does not solely involve cash market transactions that are not part of or directly connected with a commodity futures transaction; and

            (C) if brought against a Member or employee thereof, the Member is an FCM, an RFED, an IB, a CPO, a CTA or an LTM.

        (ii) a customer claim that is required to be arbitrated by NFA under a lawful agreement that complies with Commission Rule 166.5.

        (iii) a customer claim whose resolution has been delegated to NFA by a contract market.

    **(2) Counterclaims, Cross-claims and Third-party Claims.** Except as provided in Sections 5 and 6 of this Code with respect to timeliness requirements, a counterclaim, cross-claim or third-party claim may be asserted in an arbitration brought under this Code if the counterclaim, cross-claim or third-party claim arises out of an act or transaction that is the subject of the Arbitration Claim.

**(b) Disputes Which May Be Arbitrated in the President's Discretion.**

    (1) At the option of any party, the securities portion of a dispute involving unrelated futures and securities claims may, in the President's discretion, be arbitrated under this Code if the timeliness requirements of Sections 5 and 6 of this Code are met.

    (2) Except as required by the Member Arbitration Rules, other disputes involving commodity futures contracts between or among customers, Members, or Associates may, in the President's discretion, be arbitrated under this Code if the parties agree or have agreed to such arbitration and the timeliness requirements of Sections 5 and 6 of this Code are met.

---

## SECTION 3. PRE-DISPUTE ARBITRATION AGREEMENTS.

*[Effective dates of amendments: June 13, 1986; November 9, 1988; January 1, 1990; September 9, 2002; and October 18, 2010.]*

Any pre-dispute arbitration agreement between a customer and an FCM, RFED, IB, CPO, CTA or LTM Member or Associate thereof that does not comply with Commission Rule 166.5 shall be unenforceable under this Code.

---

## SECTION 4. ARBITRATION PANEL.

*[Effective dates of amendments: November 24, 1982; January 28, 1986; November 9, 1988; July 12, 1989; October 29, 1990; February 18, 1992; May 1, 1994; June 23, 1997; May 1, 2001 and October 1, 2009]*

**(a) Appointment of Panel.**

NFA shall conduct all arbitration proceedings under this Code before an arbitration Panel consisting of the following:

    (1) Where the aggregate claim amount does not exceed $100,000, NFA shall appoint one arbitrator. However, if the aggregate amount of the claim exceeds $50,000 but is not more than $100,000, NFA shall appoint three arbitrators if all parties serve a written request on NFA for three arbitrators by no later than 30 days after the last pleading is due or the sole arbitrator asks NFA to appoint two additional arbitrators.

    (2) Where the aggregate claim amount exceeds $100,000, NFA shall appoint three arbitrators.

All arbitration Panels shall be appointed by the Secretary and consist of individuals who are NFA Members or individuals connected therewith (one such Member or individual designated as the chairman), except that no more than one arbitrator, and no more than one-half of the arbitrators on a multiple-person Panel less one other arbitrator, and the sole arbitrator where there is a single-person Panel, shall not be connected with an NFA Member or NFA (except as NFA arbitrators). For purposes of this section, any individual who performs a significant amount of work on behalf of NFA Members or Associates and any individual who was a Member or Associate or was an employee of a Member within the past three years shall be considered to be connected with an NFA Member.

**(b) Disclosures Required.**

Prior to being appointed to the Panel, each arbitrator under consideration shall disclose to NFA any circumstances that might prevent the arbitrator from acting impartially.

**(c) Appointment of Panel; Disclosure and Challenge.**

The Secretary shall thereupon appoint, pursuant to Section 4(a), an arbitration Panel to resolve the dispute. No arbitrator shall have acted as the mediator in the same dispute. NFA shall promptly notify the parties of the names, business affiliations and other information relevant to the classification of the arbitrator as a Member or non-Member panelist. Any objection of a party to such appointment shall be specific and for cause and submitted to NFA in written form. Each party or their representative shall disclose to NFA any circumstances likely to affect an arbitrator's impartiality, including any bias or any financial interest in the result of the arbitration or any past or present relationship with the arbitrator. Any party who fails to disclose such information shall be deemed to have waived any objection to that arbitrator based on such information. Each arbitrator appointed shall disclose to NFA any circumstances likely to affect impartiality, including any bias or any financial interest in the result of the arbitration or any past or present relationship with the parties or their representative. Upon receipt of such information from an arbitrator or other source, NFA shall communicate such information to the parties, and if NFA deems it appropriate to do so, to the Panel and others. Thereafter, NFA shall determine whether the arbitrator should be disqualified and shall inform the parties of the decision, which shall be conclusive.

**(d) Arbitrator's Oath.**

Before proceeding with the hearing, each arbitrator shall execute an oath whereby the arbitrator promises to faithfully and fairly determine the matter before the Panel.

**(e) Replacement.**

If an arbitrator becomes ineligible or otherwise unable to serve on the Panel, the Secretary shall (unless the parties request otherwise) appoint a replacement to the Panel. In the event an arbitrator is excused or recuses himself after the commencement of the hearing because a party failed to disclose information which may be grounds for objecting to the arbitrator, the party withholding the information shall be deemed to have waived his right to object to proceeding with the remaining two arbitrators. If a replacement is appointed after the commencement of the hearing, the Panel shall determine whether all or any part of any prior hearing sessions shall be repeated.

**(f) Ex Parte Contacts.**

No party to the arbitration, or a representative thereof, shall communicate with any Panel member regarding the arbitration, other than inquiries concerning the status thereof, except at the hearing or in writing on notice to the other parties.

---

**SECTION 5. TIME PERIOD FOR ARBITRATION.**

*[Effective dates of amendments: February 18, 1992; May 1, 1994; June 7, 1996; June 23, 1997 and March 1, 2002.]*

No Arbitration Claim may be arbitrated under this Code unless an Arbitration Claim or notice of intent to arbitrate (see Sections 6(a) and (c)) is received by NFA within two years from the date when the party filing the Arbitration Claim knew or should have known of the act or transaction that is the subject of the controversy. Except as is provided in Sections 6(f) and (h) below, no counterclaim, cross-claim or third-party claim may be arbitrated under this Code unless it is asserted in a timely filed Answer in accordance with Section 6(e) below. NFA shall reject any claim that is not timely filed. If, in the course of any arbitration, the Panel determines that the requirements of this section have not been met as to a particular claim, the Panel shall thereupon terminate the arbitration of the claim without decision or award.

---

**SECTION 6. INITIATION OF ARBITRATION.**

*[Effective dates of amendments: June 28, 1985; January 28, 1986; November 9, 1988; July 12, 1989; June 12, 1991; February 18, 1992; May 17, 1993; May 1, 1994; March 12, 1996; June 7, 1996; June 23, 1997; June 1, 1999; March 1, 2002; June 13, 2005; June 5, 2007; October 1, 2009; October 18, 2010; and January 15, 2014]*

An arbitration proceeding under this Code shall be initiated as follows:

**(a) Notice of Intent to Arbitrate.**

If the two-year time limit under Section 5 of this Code is close to expiring, a person wanting to file an Arbitration Claim may notify NFA, either in writing or orally, of such person's intent to arbitrate. NFA shall maintain a record of the receipt of each such notice and shall promptly provide such person with a copy of this Code and an Arbitration Claim form.

**(b) Arbitration Claim Pursuant to a Notice of Intent to Arbitrate.**

If a person who files a notice of intent to arbitrate decides to proceed with NFA arbitration, such person shall, within 35 days after the date NFA provided the person with a copy of the Code and an Arbitration Claim form under Section 6(a) above, serve a completed Arbitration Claim on NFA.

**(c) Arbitration Claim**

NFA shall promptly review each Arbitration Claim for completeness. Any Arbitration Claim which NFA deems to be incomplete, or which is not accompanied by the appropriate fee, shall be returned to the filing party by NFA. In that event, the filing party shall serve a completed Arbitration Claim on NFA, together with any unpaid fee, within 20 days following service by NFA. NFA shall reject any Arbitration Claim which has not been timely filed, or for which the appropriate fee has not been

paid.

**(d) Notice to Respondent.**

    (1) NFA shall promptly serve a copy of the completed Arbitration Claim on each person named therein as a Respondent.

    (2) If a guaranteed IB is named in the Arbitration Claim as a Respondent, NFA shall promptly serve a copy of the completed Arbitration Claim on the Member FCM or RFED that guaranteed the IB during the time of the acts or transactions involved in the claim. That Member FCM or RFED may intervene in the arbitration proceeding if it chooses to.

**(e) Answer to an Arbitration Claim.**

A Respondent shall serve its Answer on NFA and concurrently serve a copy on the Claimant within the time period provided below. Any Member FCM or RFED served with the Arbitration Claim under Section 6(d)(2) above that wishes to intervene in the arbitration proceeding must serve an Answer and written notice of intervention on NFA and concurrently serve a copy on the Claimant within the time period provided below for filing the Answer. An allegation in the Arbitration Claim that is not denied in the Answer shall be deemed by the Panel to be admitted.

    (1) Claims of $50,000 or Less. Where the Arbitration Claim amount does not exceed $50,000, the Answer shall be served within 20 days following service of the Arbitration Claim by NFA.

    (2) Claims of more than $50,000 through $100,000. Where the Arbitration Claim amount exceeds $50,000 but is not more than $100,000, the Answer shall be served within 45 days following service of the Arbitration Claim by NFA. An arbitration service fee of $275.00 shall accompany each Answer. Any Answer which is not accompanied by the appropriate fee shall be returned to the filing party by NFA. In that event, the filing party shall serve a completed Answer on NFA, together with any unpaid fee, within 20 days following service by NFA. NFA shall reject any Answer for which the appropriate fee has not been paid. Each Respondent who files an Answer but does not pay the service fee will have waived its right to an oral hearing and to otherwise participate in the proceeding. However, the Panel may, for good cause shown, accept the Answer and allow the Respondent to participate.

    (3) Claims of more than $100,000. Where the Arbitration Claim amount exceeds $100,000, the Answer shall be served within 45 days following service of the Arbitration Claim by NFA. An arbitration service fee of $675.00 shall accompany each Answer. Any Answer which is not accompanied by the appropriate fee shall be returned to the filing party by NFA. In that event, the filing party shall serve a completed Answer on NFA, together with any unpaid fee, within 20 days following service by NFA. NFA shall reject any Answer for which the appropriate fee has not been paid. Each Respondent who files an Answer but does not pay the service fee will have waived its right to an oral hearing and to otherwise participate in the proceeding. However, the Panel may, for good cause shown, accept the Answer and allow the Respondent to participate.

**(f) Counterclaim and Cross-claim.**

Any counterclaim or cross-claim under Section 2(a)(2) must be asserted in the Answer, unless the person against whom the counterclaim or cross-claim is asserted consents to a later assertion of the counterclaim or cross-claim. If any counterclaim or cross-claim is asserted, the party asserting the counterclaim or cross-claim shall promptly remit the appropriate fee to NFA. (See Sections 11 and 18.) Any counterclaim or cross-claim which NFA deems to be incomplete, or which is not accompanied by the appropriate fee, shall be returned to the filing party by NFA. In that event, the filing party shall serve a completed counterclaim or cross-claim on NFA, together with any unpaid fee, within the time period provided below. NFA shall reject any counterclaim or cross-claim which has not been timely filed, or for which the appropriate fee has not been paid.

    (1) Claims of $50,000 or Less. Where the aggregate claim amount does not exceed $50,000, the completed counterclaim or cross-claim shall be served within 10 days following service of the incomplete counterclaim or cross-claim by NFA.

    (2) Claims of more than $50,000. Where the aggregate claim amount exceeds $50,000, the completed counterclaim or cross-claim shall be served within 20 days following service of the incomplete counterclaim or cross-claim by NFA.

**(g) Reply to Counterclaim or Cross-claim.**

The person against whom the counterclaim or cross-claim is asserted shall serve its Reply to the counterclaim or cross-claim on NFA and concurrently serve a copy on the counterclaiming or cross-claiming Respondent within the time period provided below. Any allegation in the counterclaim or cross-claim that is not denied in the Reply shall be deemed by the Panel to be admitted.

    (1) Claims of $50,000 or Less. Where the aggregate claim amount does not exceed $50,000, the Reply shall be served within 10 days following service of the Answer, counterclaim or cross-claim by NFA.

    (2) Claims of more than $50,000. Where the aggregate claim amount exceeds $50,000, the Reply shall be served within 35 days following service of the Answer, counterclaim or cross-claim by NFA.

**(h) Third-party Claim.**

Any third-party claim under Section 2(a)(2) must be asserted in the Answer, unless the third party consents to a later assertion of the claim. If the third party is not a Member or Associate, such person must agree or have agreed to submit to arbitration. If any third-party claim is asserted, the Respondent asserting the third-party claim shall promptly remit the appropriate fee to NFA. (See Sections 11 and 18 below.) Any third-party claim which NFA deems to be incomplete, or which is not accompanied by the appropriate fee, shall be returned to the filing party by NFA. In that event, the filing party shall serve a completed third-party claim on NFA, together with any unpaid fee, within the time period provided below. NFA shall reject any third-party claim which has not been timely filed, or for which the appropriate fee has not been paid.

    (1) Claims of $50,000 or Less. Where the aggregate claim amount does not exceed $50,000, the completed third-party claim shall be served within 10 days following service of the incomplete third-party claim by NFA.

    (2) Claims of more than $50,000. Where the aggregate claim amount exceeds $50,000, the completed third-party claim shall be served within 20 days following service of the incomplete third-party claim by NFA.

**(i) Notice to Third-party Respondent.**

NFA shall promptly serve a copy of the completed third-party claim on each person named therein as a Respondent, and a copy of any agreement to arbitrate.

**(j) Answer to Third-party Claim.**

A third-party Respondent shall serve its Answer on NFA and concurrently serve a copy on the third-party Claimant within the time period provided below. An allegation in the third-party claim that is not denied in the Answer shall be deemed by the Panel to be admitted.

(1) Claims of $50,000 or Less. Where the aggregate claim amount does not exceed $50,000, the Answer shall be served within 20 days following service of the third-party claim by NFA.

(2) Claims of more than $50,000. Where the aggregate claim amount exceeds $50,000, the Answer shall be served within 45 days following service of the third-party claim by NFA.

**(k) Amendments to Claims.**

After the appointment of a Panel, no new or different claim may be filed except with the Panel's consent.

**(l) Late Answer, Reply or Notice of Intervention.**

NFA shall accept any Answer or Reply filed prior to the hearing. However, NFA or any party may present an objection to the Panel with regard to the timeliness of any filing. NFA will not accept a late notice of intervention unless the party filing the late notice explains in writing its reasons for the lateness and obtains the Panel's consent to file the late notice.

**(m) Consolidation and Joinder.**

(1) When Arbitration Claims involving common questions of fact or arising from the same act or transactions are received by the Secretary, the Secretary may, whether or not at the request of any party, order any or all of the proceedings to be consolidated for hearing in the interest of providing a fair, equitable and expeditious procedure and may take such action concerning the proceedings herein as may tend to avoid unnecessary or unreasonable delay.

(2) A party may join multiple claims in a single Arbitration Claim involving common questions of fact or arising from the same act or transactions if the claims involve common questions of fact, arise from the same act or transactions, are filed by the same person against the same Respondents (even if the person filing the Arbitration Claim is acting in different capacities) or are filed on behalf of an individual and a corporation against the same Respondents if the individual is the sole shareholder of the corporation. The Secretary may, whether or not at the request of any party, order any or all joined claims to be separated in the interest of providing a fair, equitable or expeditious procedure or to avoid unnecessary or unreasonable delay.

**(n) Special Consolidation Procedures for Claims Involving Customer Segregated Funds and/or Customer Secured Amount Funds Losses.**

In the event of an FCM insolvency that results in customer segregated funds and/or customer secured amount funds losses in excess of $50 million based on the net liquidating value of customer accounts as of the close of business on the date of the bankruptcy, one or more groups of customers of the FCM may consolidate their claims for monetary losses by filing a single arbitration claim under the Code subject to the following additional provisions:

(1) At the time of filing the consolidated claim, the consolidated group of claimants must indicate the claim is being filed under Section 6(n);

(2) The consolidated group of claimants must be represented by an attorney(s) acting on behalf of the consolidated group, and individual claimants are not permitted to have their own counsel representing them in the arbitration;

(3) The consolidated group of claimants may not proceed against any Respondent(s) that has filed a petition for bankruptcy under the U.S. Bankruptcy Code, absent bankruptcy court approval;

(4) The consolidated group of claimants shall remit a filing fee of $20,000 and a hearing fee deposit of $30,000 to NFA at the time the consolidated claim is filed. Where the hearing fee deposit paid by the consolidated group of claimants is not sufficient to cover fees assessed to the consolidated group of claimants for pre-hearing motions, preliminary hearing requests and/or postponement requests (if any) and hearing sessions based on the standard, preset fee NFA pays to the arbitrators, NFA will assess and collect additional hearing fees from the consolidated group of claimants to cover the additional standard, preset fees to be paid to the arbitrators;

(5) The relief requested by the consolidated group of claimants shall be limited to monetary damages equal to the net liquidating value of each individual claimant's account(s) as of the close of business on the day of the bankruptcy, but may also include a request for interest, costs and fees where appropriate under the Code;

(6) Respondent(s) must serve the Answer and any other pleadings or documents on the attorney(s) representing the consolidated group of claimants and not the individual claimants;

(7) Any pre-hearing motions or requests for preliminary hearing are subject to a fee of $675 assessed against the filing party. Fees assessed against the consolidated group of claimants will be applied against the initial hearing deposit. Fees assessed against the Respondent(s) are due at the time of filing;

(8) Any postponement fee shall be assessed and remitted in accordance with Section 11(c) of the Code, except that if the consolidated group of claimants file the postponement request, the fee shall be assessed against the initial hearing fee deposit;

(9) Site selection preferences are limited to Chicago or New York;

(10) Any hearing fees collected from the consolidated group of claimants that are not paid to the arbitrators will be refunded to the consolidated group; and

(11) Except as provided above, the consolidated claim shall otherwise be administered in accordance with the existing provisions of the Code.

**(o) Dismissal Without Prejudice.**

The Panel may, at the written request of a party or on its own motion, dismiss without prejudice any claim which it determines is not a proper subject for NFA arbitration.

**(p) Attestation.**

Any claim, answer, counterclaim, cross-claim, reply to counterclaim or cross-claim, third-party claim, or answer to third-party claim must include the following attestation: "The undersigned certifies that, to the best of his/her knowledge, information and belief, formed after a reasonable inquiry, the statements set forth in this pleading are true and correct."

---

## SECTION 7. RIGHT TO COUNSEL.

*[Effective dates of amendments: November 9, 1988; July 12, 1989; June 12, 1991; June 23, 1997; December 17, 1999; June 1, 2006; and January 15, 2014.]*

(a) Except as provided in Section 6(n), a party may be represented at any time throughout the arbitration proceeding, including a mediation proceeding, by an attorney-at-law licensed to practice law in the highest court of any state, by a family member or other person who is representing the party without compensation and who does not have an interest in the outcome of the proceeding, or by an officer, partner or employee of the party. The attorney or other representative shall serve timely notice in writing on NFA and the other parties of the name and address of any such representative. The Panel may bar from the proceeding any representative for dilatory, disruptive or contumacious conduct.

(b) A representative of a party may withdraw upon submitting to NFA an affidavit that the party represented has actual knowledge of the withdrawal or that the representative has made a good faith effort to provide such notice.

---

## SECTION 8. PRE-HEARING.

*[Adopted effective June 28, 1985. Effective dates of amendments: July 12, 1989; June 12, 1991; May 1, 1994; March 12, 1996; June 23, 1997; June 1, 1999; March 1, 2002; June 1, 2006; October 1, 2009 and January 15, 2014.]*

**(a) Exchange of Documents and Written Information.**

(1) The parties shall cooperate, without resort to issuance of subpoenas, in the voluntary exchange of material and relevant documents and written information which may serve to facilitate a fair, equitable and expeditious hearing.

(2) When a claim is accepted by NFA and served on each person named as a Respondent, NFA shall identify, from a list approved by NFA's Board of Directors, documents to be automatically exchanged between the parties. The parties shall exchange those documents no later than 15 days after the last pleading is due.

(3) All other requests for documents and written information shall be served as follows:

(i) Where the aggregate claim amount does not exceed $50,000, the requesting party shall serve its requests for documents and written information on the responding party no later than 20 days after the last pleading is due. The responding party shall serve the documents and written information, including written objections, no later than 20 days after the request is due.

(ii) Where the aggregate claim amount exceeds $50,000, the requesting party shall serve its request for documents and written information on the responding party no later than 30 days after the last pleading is due. The responding party shall serve the requesting party with the documents and written information, including written objections, no later than 30 days after the request is due.

(4) Written requests to compel production of documents and written information must be served on NFA and all parties no later than 10 days after the written objections are due. Written responses to the request to compel must be served on the Secretary and all parties no later than 10 days after the request to compel was served.

(5) A request to compel must include a written certification by the filing party or its representative. The certification must state that the filing party or its representative has made a good faith effort to resolve the matters forming the basis for the request through either a telephone conference or in-person meeting with the other party or its representative.

(6) Unless the Panel directs otherwise, requests to compel will be decided on the written submission of the parties.

(7) A request to compel that is not timely filed under Section 8(a)(4) above will not be allowed except for good cause shown as to why it was late.

(8) Evidence that is otherwise discoverable or admissible in an arbitration proceeding shall not be rendered non-discoverable or inadmissible as a result of its use in connection with a mediation proceeding. However, documents and written information in the mediator's possession are not subject to discovery and may not be subpoenaed for use in the subsequent arbitration hearing.

**(b) Documents to be Introduced into Evidence.**

(1) Unless a Panel directs otherwise, each party shall serve on every other party all documents in such party's possession which the party intends to introduce into evidence at the hearing as part of its direct case and shall concurrently serve sufficient copies of the documents on NFA at least 10 days prior to the date assigned for an oral hearing.

(2) At least 15 days before the date assigned for a summary proceeding to commence, each party shall serve on NFA sufficient copies of all documents in such party's possession which are to be submitted to the Panel as part of the party's case and shall concurrently serve copies on every other party. At least five days before the date assigned for a summary proceeding to commence, each party shall serve on NFA sufficient copies of all documents in such party's possession which are to be submitted to the Panel to rebut the documents previously served by another party and shall concurrently serve copies on every other party.

**(c) Hearing Plan.**

The parties shall cooperate with NFA in the formulation of a written hearing plan. A hearing plan is a written document that summarizes each claim, Answer and Reply; identifies any facts the parties have agreed to; identifies the factual and legal issues in dispute; and lists the witnesses and exhibits that will be presented at the hearing. The parties shall serve on NFA and all parties a joint hearing plan, or separate hearing plans if they cannot agree on a joint one, no later than 30 days before the oral hearing date, unless the Panel directs otherwise.

**(d) Failure to Comply.**

The failure of any party to comply with Sections 8(a) through 8(c) or any order of the Panel may be brought to the attention of the Panel by NFA or the party seeking such documents or information. The Panel may take such actions in regard to the failure as are just, including, among other things, the following:

(1) finding that the matters regarding which the request was made or any other designated facts shall be taken to be established for the purpose of the action in accordance with the claim of the party making the request;

(2) refusing to allow the nonresponsive party to support or oppose designated claims or defenses or prohibiting him from introducing designated matters in evidence;

(3) striking out pleadings or portions thereof, staying further proceedings until the nonresponsive party complies with the request, dismissing the action or proceeding or any part thereof, or rendering an award by default against the nonresponsive party.

(4) refusing to hear testimony of any witness or to accept any document into evidence if the witness or document was not listed in the hearing plan.

**(e) Other Pre-Hearing Motions.**

(1) Motions to dismiss for failing to state a claim will not be heard by the Panel. Other motions to dismiss must be included in a timely filed Answer or Reply. Motions for summary judgment may be raised at any time. Motions for directed verdict may be raised at the hearing.

(2) Except as provided in Section 8(a)(4) above, a party has 10 days from the date a pre-hearing motion is received in which to serve a written response on NFA and all other parties. However, where a motion is received less than 20 days in advance of the date the hearing or summary proceeding is scheduled to commence, NFA may, in its discretion, require a written response within less than 10 days. No written replies to a party's response to a motion will be allowed except in the Panel's discretion.

(3) Except as provided in Section 6(n), NFA shall assess a motion fee as follows:

(i) In cases involving one arbitrator, a party filing a motion shall include a $125 motion fee for each motion filed more than 80 days after the last pleading is due. This fee may be subsequently waived at the discretion of the arbitrator, or the arbitrator may assess the motion fee against the party causing the filing of the motion. However, this fee shall not apply to a request for a preliminary hearing under Section 9(a) or a request for a postponement under Section 11(c) below.

(ii) In cases involving three arbitrators, any party filing a motion shall include a $425 motion fee for each motion filed more than 100 days after the last pleading is due. This fee may be subsequently waived at the discretion of the arbitrators, or the arbitrators may assess the motion fee against the party causing the filing of the motion. However, this fee shall not apply to a request for a preliminary hearing under Section 9(a) or a request for a postponement under Section 11(c) below.

**(f) Pre-Hearing Decisions by the Arbitrators.**

(1) For cases that will be decided through a summary proceeding, the Panel will decide all motions as part of the summary review, except for those related to discovery or postponement requests.

(2) With the consent of the other Panel members, one or more of the arbitrators may act on behalf of the Panel to decide any pre-hearing motions from the parties or to conduct any pre-hearing conference with the parties. However, the Panel may not postpone the hearing or impose sanctions, dismiss a party, or dismiss all or any portion of a claim without a majority decision.

**(g) Pre-Hearing Conference.**

For cases that will be decided through an oral hearing, NFA may schedule a pre-hearing conference with the Panel and the parties. The notice scheduling the pre-hearing conference will specify the issues to be covered at the conference, including identifying outstanding discovery disputes, setting deadlines for other motions and scheduling the hearing. The conference will be conducted by telephone within 30 days after the motion to compel due date, unless the Panel directs otherwise.

**(h) Depositions.**

The Panel may, upon the motion of a party, order evidence depositions for good cause shown.

---

**SECTION 9. HEARING.**

*[Effective dates of amendments: November 24, 1982; December 30, 1983; June 28, 1985; January 28, 1986; November 9, 1988; July 12, 1989; June 12, 1991; February 18, 1992; December 1, 1992; May 1, 1994; June 23, 1997; May 1, 2001; March 1, 2002; June 1, 2006; October 15, 2007; April 1, 2008; October 1, 2009 and January 15, 2014.]*

**(a) Preliminary Hearing.**

The Panel may, at the written request of a party or on its own motion, schedule a preliminary hearing in extraordinary circumstances. Such hearing may be conducted orally, by telephone conference, or by written submissions.

**(b) Place, Time and Notice of Hearing.**

Except as provided in Section 6(a), Section 6(g) or Paragraph (i) of this Section, the place and time of the hearing shall be determined in the sole discretion of the Secretary, who shall endeavor to accommodate, if possible, the preferences of all parties as indicated in a timely-filed pleading. Upon setting the initial hearing date, NFA shall serve notice on each party at least 45 days before the hearing of the date, time and place. NFA shall give reasonable notice of any rescheduled oral hearing date.

**(c) Failure to Prosecute or Defend.**

At the written request of any party or on its own motion, the Panel may review the procedural history of the proceeding and any written submissions and may find that a party has failed to prosecute or defend the proceeding. Any party found to have failed to prosecute or defend the proceeding will be deemed to have waived his right to an oral hearing.

**(d) Procedure.**

(1) Each party may appear personally at the hearing to testify and produce evidence.

(2) Each party (or the party's representative) may present opening and closing arguments, and may examine any other party or witness at the hearing and any evidence produced at the hearing.

(3) The Panel need not apply the technical rules of evidence.

(4) Unless waived by the parties, the Panel shall cause a verbatim record to be made of the hearing, but no party shall be required to bear the costs of making the record unless the party requests a transcript, in which case a transcript must be furnished.

(5) All testimony at the hearing shall be given under oath.

(6) The Panel may allow stipulations and establish other procedures as appropriate to expedite the proceeding. The Panel may consider affidavits but shall give them such weight as it deems appropriate after considering objections to them.

(7) The Panel may order Members and employees thereof, and Associates to testify and produce documentary evidence. The Panel may issue subpoenas to non-Members as authorized by law. The parties must submit all subpoena requests to the Panel and serve those requests in accordance with Section 16(b) below. Subpoenas issued by the Panel may be enforced in a court of competent jurisdiction.

(8) The party requesting the appearance of a non-party witness shall bear all reasonable costs of such appearance. For purposes of this section, an employee or an Associate of any party shall be considered a party witness.

(9) All conduct and statements, offers and promises, whether oral or written, made by the parties or their representatives in connection with a mediation proceeding shall be confidential and shall not be admissible for any purpose, including impeachment, in any pending or subsequent arbitration proceeding. The mediator may not be called as a witness in a pending or subsequent arbitration proceeding.

(10) In all other respects, the hearing procedure shall be determined by the Panel. The Panel shall afford the parties every reasonable opportunity to present their case completely.

**(e) Extensions and Postponements.**

Extensions of time or postponements of the hearing may be granted by the Panel when the interests of justice so require, but a hearing in progress shall not be adjourned or interrupted except in compelling circumstances.

**(f) Failure to Comply.**

The failure of any party to appear at any hearing or any session thereof, or to comply with any notice, order, or procedure in connection therewith, may subject the party to such adverse action as the Panel deems appropriate, including the entry of an award or the dismissal of a claim.

**(g) Reopening the Record.**

The record may be reopened by the Panel on its own motion or on the motion of a party for good cause at any time prior to the Panel rendering its award. A motion to reopen the record shall stay automatically the time period in which the award shall be rendered.

**(h) Waiver of Defects.**

Where appropriate, the Panel may excuse any failure to comply with any provision of this section, or any Panel notice, order or procedure.

**(i) Summary Proceeding.**

The proceeding shall be conducted entirely through written submissions when:

(1) the aggregate amount of the claims (exclusive of interest and costs) does not exceed $25,000, unless the Secretary or the Panel directs otherwise;

(2) the aggregate amount of the claims (exclusive of interest and costs) is more than $25,000 but not more than $50,000, unless the Secretary or the Panel directs otherwise or one of the parties to the proceeding serves a written request for an oral hearing on NFA, accompanied by a fee of $675.00, no later than 30 days after the last pleading is due; or

(3) the Panel has consented to the written agreement of the parties to waive the oral hearing. A written agreement is not required of any party which has waived its rights to an oral hearing under any other provision of this Code.

**SECTION 10. AWARD, SETTLEMENT AND WITHDRAWAL.**

**(a) Issuance of Award.**

The Panel shall notify NFA of its decision within 30 days after the record is closed. NFA shall then prepare a written award form, to be dated and signed by the Panel members. NFA shall promptly serve a copy of the award on each party or its representative. The award shall be that of the Panel majority.

**(b) Relief.**

Except as provided in Section 6(n), the award may grant or deny any of the monetary relief requested, and may include an assessment of interest, costs or fees (See Sections 11 and 12). A request for declaratory relief will only be heard by the arbitrators if the Respondent agrees to have the arbitrators hear the claim.

**(c) Finality.**

The Panel's award shall be final on the date thereof. The award may be modified by the Panel if a party submits a written request for modification which is received by NFA within 20 days from the date of service of the award on the parties, and the Panel deems modification necessary because:

     (1) there is an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award;

     (2) the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or

     (3) the award is imperfect in matter of form not affecting the merits of the controversy.

NFA will not forward a modification request to the Panel unless it is based on one of the grounds listed above. The timely filing of a request for modification shall stay automatically the finality of any award until NFA rejects the request or the Panel either modifies the award or denies the request for modification.

**(d) Appeal.**

There shall be no right of appeal of the award.

**(e) Award Binding.**

All parties shall be bound by the award and any modification thereof.

**(f) Judgment.**

Judgment on the award may be entered in any court of competent jurisdiction.

**(g) Failure to Comply.**

(1) The President may, on 30 days written notice, summarily suspend a Member or Associate when the Member, or employee thereof, or Associate:

     (i) fails to comply with an award within 30 days from the date of service of the award by NFA or such other period as specified in the award unless

          (A) a request to modify the award is pending under Section 10(c) or

          (B) the Member, or employee thereof, or Associate who failed to comply has a pending application to vacate, modify or correct the award in a court of competent jurisdiction and has posted a bond with NFA equal to 150% of the amount of the award against that person or such lesser amount as NFA shall require in a particular case, but not less than 110% unless a satisfactory bond has been posted with the court; or

     (ii) fails to comply with a settlement agreement within 30 days after NFA terminates the arbitration proceeding pursuant to Section 10(h) or such other period as specified in the settlement agreement; or

     (iii) fails to pay any fee assessed within the time so ordered by the Panel.

The suspension shall remain in effect until such award, settlement agreement, or order of the Panel has been satisfied.

(2) The President may, on 30 days written notice, summarily bar from Membership or Associate Membership a former Member or Associate when that former Member, or employee thereof, or former Associate:

     (i) fails to comply with an award within 30 days from the date of the service of the award by NFA or such other period as specified in the award unless

          (A) a request to modify the award is pending under Section 10(c) or

          (B) the former Member or former Associate who failed to comply has a pending application to vacate, modify or correct the award in a court of competent jurisdiction and has posted a bond with NFA equal to 150% of the amount of the award against that person or such lesser amount as NFA shall require in a particular case, but not less than 110% unless a satisfactory bond has been posted with the court;

     (ii) fails to comply with a settlement agreement within 30 days after NFA terminates the arbitration proceeding pursuant to Section 10(h) or such other period as specified in the settlement agreement, or

     (iii) fails to pay any fee assessed within the time so ordered by the Panel.

The bar shall remain in effect until such award, settlement agreement, or order of the Panel has been satisfied.

(3) A Member which guaranteed an IB during the relevant time may, on 30 days written notice, be summarily suspended by the President if the guarantor fails to pay an

award issued against the IB under Section 10(c) or a settlement agreement entered into by the IB under Section 10(h) within 30 days after the guarantor has received actual notice that the IB has failed to comply with the award or settlement agreement is satisfied.

(4) The President may, on 30 days written notice, summarily bar a former Member which guaranteed an IB during the relevant time if the guarantor fails to pay an award issued against the IB under Section 10(c) or a settlement agreement entered into by the IB under Section 10(h) within 30 days after the guarantor has received actual notice that the IB has failed to comply with the award or settlement agreement. The bar shall be lifted if the award or settlement agreement is satisfied.

(5) In lieu of or in addition to suspending any Member or Associate for failing to comply with an award, settlement agreement or Panel order to pay a fee or monetary sanction, NFA may initiate disciplinary action under its Compliance Rules for the failure of any Member or employee thereof or Associate to comply with the award, settlement agreement or Panel's order.

**(h) Satisfaction of Demand.**

At any time during the course of an arbitration, a party may satisfy a claim by payment or settlement, including settlement through mediation. The arbitration proceeding will terminate upon receipt of written notice of satisfaction and withdrawal of the claim duly executed by the parties and submitted to NFA. If NFA is notified that the claim has been settled, but the notification is not in writing or is not duly executed by the parties, NFA shall send written notice to the parties that the arbitration proceeding will terminate within 20 days of service of such notice unless NFA receives written notice that the claim has not been settled.

**(i) Consent Award.**

If parties agree to satisfy a claim at any time during the arbitration, the Panel may, at the request of such parties, set forth the terms of the satisfied claim in a consent award.

**(j) Withdrawal of Claim.**

(1) At any time during the course of the arbitration, a party may withdraw a claim against any Respondent who has not filed an Answer. A written notice of withdrawal must be filed with NFA. The withdrawal will be without prejudice unless the notice states otherwise.

(2) After a party has filed a pleading, a party may not withdraw a claim against that party unless the party consents. The notice and the consent must be in writing and filed with NFA. The withdrawal will be without prejudice unless the notice or the consent states otherwise.

---

# SECTION 11. ARBITRATION FEES.

*[Effective dates of amendments: June 28, 1985; December 8, 1987; November 9, 1988; July 12, 1989; February 18, 1992; May 1, 1994; December 12, 1995; June 23, 1997; February 1, 2000; May 1, 2001; March 1, 2002; October 1, 2009 and January 15, 2014.]*

**(a) Filing and Hearing Fees.**

(1) Except as provided in Section 6(n) and Section 18 of this Code, each party filing a claim under this Code shall pay a filing and hearing fee based on the amount claimed, including punitive and treble damages but exclusive of interest and costs, as follows:

| Amount of Claim | Filing Fee | Hearing Fee |
| --- | --- | --- |
| $0.00 - $2,500.00 | $50.00 | $125.00 |
| $2,500.01 - $5,000.00 | $100.00 | $125.00 |
| $5,000.01 - $10,000.00 | $150.00 | $125.00 |
| $10,000.01 - $15,000.00 | $175.00 | $125.00 |
| $15,000.01 - $25,000.00 | $200.00 | $125.00 |
| $25,000.01 - $50,000.00 | $300.00 | $125.00 |
| $50,000.01 - $100,000.00 | $550.00 plus 1% of excess over $50,000.00 | $275.00 |
| $100,000.01 - $150,000.00 | $1050.00 plus 1% of excess over $100,000.00 | $1,275.00 |
| $150,000.01 - $500,000.00 | $1,550.00 | $2,550.00 |
| More than $500,000.00 | $1,550.00 | $5,100.00 |

(2) Except as provided in Section 6(n), where the hearing fees paid by the parties is not enough to cover the standard preset fees to be paid by NFA to the arbitrators, NFA shall collect additional fees to cover the fees to be paid to the arbitrators. If a case requires more than four days of hearing, the hearing fees will be twice the standard preset fees, unless the arbitrators order the fees to remain at the standard amount.

(3) NFA shall also collect additional hearing fees when:

(i) a party requests a preliminary hearing under Section 9(a);

(ii) a party requests an oral hearing under Section 9(i)(2); or

(iii) all the parties make a written request for three arbitrators under Section 4(a)(1). However, where the sole arbitrator asks NFA to appoint two additional arbitrators, NFA shall assess the additional fees equally against the parties.

(4) The arbitrators, in their discretion, may assess the entire fee against any party or may divide the fee among any or all parties. Hearing fees shall be paid to NFA in advance of the hearing sessions to which they apply.

**(b) Refunds.**

(1) A full refund of any filing and hearing fees paid under Section 11(a) above shall be made if, prior to the appointment of a Panel, a claim filed under Section 2(a) above is found to be not arbitrable or if the President declines to arbitrate a claim under Section 2(b) of this Code.

(2) Except as provided in Section 6(n) with respect to the initial hearing fee paid by the consolidated group of claimants, if all claims have been settled or withdrawn and NFA receives notice of the settlement or withdrawal at least five days in advance of the first scheduled pre-hearing conference date, if one is scheduled, or at least 30 days in advance of the first scheduled preliminary hearing date or oral hearing date, if no pre-hearing conference is scheduled, a full refund of the hearing fees paid under Section 11(a) and the arbitration service fees paid under Section 6(e) shall be made to the party paying the fee.

(3) Except as provided in Section 6(n) with respect to the initial hearing fee paid by the consolidated group of claimants, if all claims have been settled or withdrawn and NFA receives written notice of the settlement or withdrawal at least 15 days in advance of the summary proceeding start date or first scheduled oral hearing date or preliminary hearing date, the hearing fees paid under Section 11(a) and arbitration service fees paid under Section 6(e) shall be refunded to the party paying the fee in accordance with the schedule below.

| Amount of Claim | Hearing Fee Refund | Service Fee Refund |
|---|---|---|
| $0.00 - $25,00.00 | $ 125.00 | N/A |
| $25,000.01 - $50,000.00 | $ 125.00 | N/A |
| $50,000.01 - $100,000.00 | $ 125.00 | $ 125.00 |
| $100,000.01 - $150,000.00 | $ 925.00 | $ 325.00 |
| $150,000.01 - $500,000.00 | $ 2,200.00 | $ 325.00 |
| More than $500,000.00 | $ 4,750.00 | $ 325.00 |

**(c) Postponement Fees.**

Each party causing an adjournment or postponement of any scheduled oral hearing shall pay to NFA a postponement fee of $250 for the first postponement request by that party, $500 for the second request by that party, and $1,000 for any subsequent request by that party. This fee may be waived at the discretion of the arbitrators. The arbitrators also may assess reasonable and necessary expenses incurred by the parties and their witnesses, including reasonable attorneys' fees, as a result of a postponement. No fee shall be assessed if an arbitrator becomes ineligible or otherwise unable to serve, or if a hearing extends over the expected time period.

## SECTION 12. ARBITRATION COSTS.

*[Effective dates of amendments: June 28, 1985; November 9, 1988; July 12, 1989; February 18, 1992; May 1, 1994 and March 12, 1996.]*

Costs which may be included in an award shall normally be limited to the costs of any transcript which a party may request (See Section 9(d)(4)). A Panel may, however, assess against a party any one or more of the following other costs, upon a finding that such party's claim or defense was frivolous or was made in bad faith, or that the party engaged in willful acts of bad faith during the arbitration: Reasonable and necessary expenses incurred by (a) the arbitrators or (b) any other party or witness, including reasonable attorneys' fees. The Panel may also award attorneys' fees provided that a statutory or contractual basis exists for awarding such fees. Requests for attorneys' fees and costs incurred in the arbitration proceeding must be raised in the proceeding or they are waived.

## SECTION 13. NON-WAIVER OF NFA RIGHTS.

*[Effective dates of amendments: June 28, 1985.]*

The submission of a matter to arbitration under this Code shall not affect any right of NFA regarding the matter, including the right to initiate a disciplinary proceeding.

## SECTION 14. MEDIATION.

*[Adopted effective June 12, 1991. Effective dates of amendments: March 21, 2001]*

NFA may, in its discretion, notify the parties of the option to proceed to mediation.

## SECTION 15. DISPUTES NOT COVERED UNDER THIS CODE.

*[Adopted effective June 12, 1989. Effective dates of amendments: October 29, 1990.]*

Pursuant to such rules as may be approved by the Board of Directors, NFA may provide an arbitration forum for the resolution of futures-related disputes not covered under this Code.

## SECTION 16. MISCELLANEOUS.

**(a) Computation of Time.**

(1) Except as otherwise provided in this Code, service shall be deemed to occur on the earlier of the date that the documents are faxed (as evidenced by affidavit of service), e-mailed (as evidenced by affidavit of service), postal mailed, (as evidenced by postmark or affidavit of service), or the date personally delivered (as evidenced by affidavit of service).

(2) The counting of days shall include all calendar days. Should a due date fall on a weekend or legal holiday such due date will be computed as the next business day on which mail is delivered.

**(b) Service of Process.**

Unless otherwise indicated, service may be accomplished by hand delivery, or by first class or certified mail, or by use of a generally recognized overnight delivery service to the party's last known business or home address on record with NFA. Documents may also be served by facsimile or electronic mail on NFA and any party who has consented to service by that method. All documents which are served on NFA shall be concurrently served on each party who has filed a pleading using methods designed to ensure that NFA and all parties will receive the documents on the same day. Service on a party's representative shall be service on the party.

**(c) Address of Record.**

A party shall promptly notify NFA of any change in the party's address or addresses, including the party's e-mail address or facsimile number, or the address of the party's representative on record with NFA.

---

## SECTION 17. AGREEMENTS CONFLICTING WITH THE CODE.

*[Adopted effective May 17, 1993.]*

This Code shall supersede any provision in an agreement entered into between the parties, either before or after a dispute arises, if the provision in the agreement contradicts or limits the Code or imposes additional obligations on NFA or the arbitrators. However, in the Secretary's discretion, the provision may be applied to NFA arbitration if the agreement names NFA as the arbitration forum or the parties consent in writing to apply the provision to NFA arbitration.

---

## SECTION 18. APPLICABILITY OF MEMBER ARBITRATION RULES.

*[Effective March 24, 1994. Effective dates of amendments: December 17, 1999]*

This Code shall govern any cross-claim or third-party claim filed by a Member or Associate against another Member or Associate under this Code, except that Sections 2(a) and (b) of the Member Arbitration Rules shall apply to cross-claims or third-party claims and Section 11(a) of the Member Arbitration Rules shall apply to third-party claims.

---

## SECTION 19. NFA'S AUTHORITY TO INTERPRET THE CODE.

*[Adopted effective June 1, 1999.]*

NFA has the authority to interpret the provisions of this Code.

---

## SECTION 20. OTHER LEGAL PROCEEDINGS

*[Adopted effective October 7, 2010; and September 19, 2016.]*

During an arbitration proceeding filed by a customer that is not an eligible contract participant as defined in Section 1a(18) of the Act, no party to the arbitration may institute any suit, legal action, or proceeding outside of the arbitration proceeding against any other party that concerns or would resolve any of the matters raised in the arbitration.

---

CME Rulebook



**CHAPTER 6**
**ARBITRATION**

**JURISDICTION**

600.     **DISPUTES SUBJECT TO CME ARBITRATION**

     **600.A.  Disputes Among Members**

     **600.B.  Disputes Between Members and Certain Non-Member Employees**

     **600.C.  Claims Against the Exchange**

     **600.D.  Permissive Arbitrations**

     **600.E.  Waiver of Any Objection to Jurisdiction**

     **600.F.  Hearing Panel**

601.     **CUSTOMER CLAIMS AGAINST MEMBERS**

     **601.A.  Definitions**

     **601.B.  Refusal to Hear Certain Disputes**

     **601.C.  Initiation of Arbitration**

     **601.D.  Referral to Arbitration Panel or Mixed Panel**

**FILING PROCEDURES**

602.     **INITIATING AN ARBITRATION CLAIM**

603.     **ANSWERING AN ARBITRATION CLAIM**

604.     **FAILURE TO ANSWER**

605.     **COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY CLAIMS**

606.     **REVIEW OF ARBITRABILITY**

607.     **CONSOLIDATION OF ARBITRATION DISPUTES**

608.     **WITHDRAWAL OF CLAIMS**

609.     **PERIOD OF ELIGIBILITY FOR ARBITRATION**

610.     **PARALLEL PROCEEDINGS**

**PRE-HEARING PROCEDURES**

611.     **REQUESTS FOR DOCUMENTS, INFORMATION OR TESTIMONY**

612.     **DOCUMENTS AND WITNESSES TO BE PRESENTED AT HEARING**

613.     **ADDITIONAL PROCEDURES**

**HEARINGS**

614.     **ARBITRATION PANEL**

     **614.A.  Appointment of Arbitration Panel**

     **614.B.  Requests to Remove an Arbitrator**



CME Rulebook

615.          **HEARING PROCEDURES**

          615.A.  **Chairman**

          615.B.  **Arbitrators**

          615.C.  **Parties and their Representatives**

          615.D.  **Witnesses**

          615.E.  **Hearing Record**

**DECISIONS**

616.          **AWARDS**

          616.A.  **Decision by Panel**

          616.B.  **Decision by the Chairman**

          616.C.  **Limitations on Monetary Awards**

617.          **CORRECTION OF AWARD**

618.          **SATISFACTION OF AWARD**

**APPEALS**

619.          **APPEALS**

620.          **STANDARDS AND PROCEDURES FOR REVIEW UPON APPEAL**

**ADDITIONAL CLAIMS**

621.          **CERTAIN CLAIMS AGAINST THE EXCHANGE INVOLVING TRADING SYSTEMS OR SERVICES**

          621.A.  **General**

          621.B.  **Initial Liability Claim and Demand for Arbitration**

          621.C.  **Selection of Arbitration Panel**

          621.D.  **Related Claims**

          621.E.  **Award**

          621.F.  **Satisfaction of Award by Exchange**

622.          **CLAIMS RELATING TO TRADE CANCELLATIONS OR PRICE ADJUSTMENTS**

          622.A.  **General**

          622.B.  **Initiation of Claim**

          622.C.  **Related Claims**

          622.D.  **Award**

**MISCELLANEOUS**



CME Rulebook

**623.**      **RIGHT TO COUNSEL**

**624.**      **COMPUTATION OF TIME**

**625.**      **SUBMISSIONS TO OR COMMUNICATIONS WITH THE PANEL**

**626.**      **ARBITRATION FEES**

**ARBITRATION COMMITTEE**

**627.**      **ARBITRATION COMMITTEE**



CME Rulebook

# Chapter 6
# Arbitration

## JURISDICTION

## 600. DISPUTES SUBJECT TO CME ARBITRATION

### 600.A. Disputes Among Members

It is contrary to the objectives and policy of the Exchange for members to litigate certain Exchange-related disputes. Disputes between and among members that are described below and that are based upon facts and circumstances that occurred at a time when the parties were members shall be subject to mandatory arbitration in accordance with the rules of this Chapter:

1. claims between members that relate to or arise out of any transaction on or subject to the rules of the Exchange;

2. claims between or among members relating to ownership of, or interests in, trading rights on the Exchange; and

3. claims between members relating to the enforceability of:

    a. non-compete clauses to the extent they relate to the Exchange,

    b. terms of employment on the trading floor, and

    c. financial arrangements relating to the resolution of error trades in Exchange products that are included in any employment agreement entered into on or after August 1, 1998.

Nothing in this rule, however, shall require a member employee to submit to arbitration any claim that includes allegations of a violation of federal, state or local employment discrimination, wage payment or benefits laws.

### 600.B. Disputes Between Members and Certain Non-Member Employees

The enforceability of the following provisions of an employment agreement entered into on or after August 1, 1998, between a member and a non-member employee registered pursuant to Rule 501 shall be subject to mandatory arbitration in accordance with the rules of this Chapter:

1. non-compete clauses to the extent that they relate to the Exchange; and

2. terms of employment on the trading floor.

Nothing in this rule, however, shall require a non-member employee to submit to arbitration any claim that includes allegations of a violation of federal, state or local employment discrimination, wage payment or benefits laws. A non-member employee shall mean a member's bona fide employee who has been registered by the Exchange to work on the trading floor.

### 600.C. Claims Against the Exchange

Claims against the Exchange pursuant to the provisions of Rule 578.C., Rule 578.D., Rule 578.F., and/or Rule 579.C. shall be subject to mandatory arbitration in accordance with the rules of this Chapter, provided the claimant has complied with all pre-filing requirements under the applicable rule(s).

### 600.D. Permissive Arbitrations

The following may be submitted for arbitration at the Exchange and, in the event such a claim is submitted against a member, that member is required to arbitrate the dispute under these rules, unless otherwise provided:

1. claims of a customer against a member that relate to or arise out of any transaction on or subject to the rules of the Exchange;

2. claims against an Exchange clearing member and its Globex user pursuant to Rule 588.E., provided that any non-member Globex user has consented to arbitration of the dispute at the Exchange within 21 days of receipt of a claim;

© Copyright Chicago Mercantile Exchange, Inc. All rights reserved.



CME Rulebook

3. claims of a customer against a clearing member responsible for the spot-call delivery performance of a transaction on or subject to the rules of the Exchange and/or against a member in connection with such a transaction;

4. claims of an SGX member against a member that relate to or arise out of transactions subject to or relating to the Mutual Offset System;

5. claims of a non-member (other than those claims required to be arbitrated under Rule 600.B) against a member that relate to or arise out of employment on the trading floor;

6. claims by or against an entity whose majority ownership is held by Exchange members and whose principal business relates to activity on or at the Exchange, where the dispute has a material connection to the business or purpose of the Exchange, provided such entity has consented to arbitration of the dispute at the Exchange within 20 days of receipt of a claim; and

7. at the discretion of the Chief Regulatory Officer, any claim involving the interests of the Exchange, its members, their business relations or commodity futures trading in general not otherwise arbitrable under these rules, provided the parties have consented to such arbitration.

### 600.E.    Waiver of Any Objection to Jurisdiction

Any member or non-member who submits a claim or grievance to arbitration or any member who appeals to a hearing committee of the Board from any panel decision, or who takes any steps therein, shall be conclusively presumed to have voluntarily recognized and agreed to the jurisdiction of the panel or hearing committee of the Board to hear and determine the claim or appeal.

### 600.F.    Hearing Panel

Any claim involving only members shall be heard by a Member panel and its decision shall be rendered in accordance with the rules of this Chapter.  A Member panel shall mean an arbitration panel consisting of a co-chairman of the Arbitration Committee and five Members as defined in Rule 400.

## 601.    CUSTOMER CLAIMS AGAINST MEMBERS

### 601.A.    Definitions

1. Customer.  Customer shall mean any person, not a member of the Exchange, who places an order or for whose account an order is placed for execution on the Exchange or who otherwise executes a transaction on or subject to the rules of the Exchange.

2. Claim.  Claim shall mean any dispute arising out of any transaction on or subject to the rules of the Exchange, including mutual offset rules.

3. Mixed Panel.  Mixed Panel shall mean an arbitration panel consisting of a co-chairman of the Arbitration Committee and five Arbitration Committee members, three of whom shall be persons who are non-members and who are not associated with any member of a contract market, or employee thereof, and are not otherwise associated with a contract market.

4. Member.  Member as used in this Chapter shall mean 1) members and clearing members of the Exchange, including retired members with floor access privileges and individuals and entities described in Rule 106; 2) associated persons ("APs") and affiliates of clearing members of the Exchange; 3) guaranteed introducing brokers of clearing members of the Exchange and their APs; 4) Exchange permit holders; and 5) individuals and entities that have agreed in writing to comply with the rules of the Exchange.

5. Punitive Damages.  Punitive damages shall mean an award in excess of actual damages suffered.  Punitive damages shall be limited to twice the amount of actual damages and may be awarded only to a customer after a determination that there has been willful and wanton misconduct in the execution or handling of an order by a member or an employee acting on behalf of a member.

### 601.B.    Refusal to Hear Certain Disputes

A chairman may, but shall not be required to, order that a dispute that is otherwise arbitrable under these rules not be arbitrated hereunder if the dispute requires for adjudication the presence of essential witnesses or third parties over whom the Exchange has no jurisdiction or



**CME Rulebook**

who are not otherwise available, or if the dispute requires the application of the rules of another exchange.

**601.C.        Initiation of Arbitration**

In the event that a complaint is received by the Exchange from a customer, it shall be referred to the Market Regulation Department, which shall inform the customer of alternative dispute settlement forums and, when appropriate, forward to the customer a Consent Form for arbitration at the Exchange.  Such form shall inform the customer, by attachment of all pertinent rules, of the customer's rights and liabilities, including costs associated with arbitration, and the option of selecting an arbitration panel consisting of Exchange members or a Mixed Panel to decide the claim and any counterclaims, cross-claims or third-party claims.

A customer who submits a claim for arbitration in accordance with these rules consents thereby to the jurisdiction of the arbitrators and agrees to the arbitration of any counterclaims, cross-claims or third-party claims by any respondent which arise out of the transaction that is the subject of the customer's claim.  The claim shall comply with the requirements of Rule 602, and in the case of a request for punitive damages, the claim shall set forth the facts the customer intends to present in support of the claim that the misconduct was willful and wanton.

The customer shall file a completed Consent Form and deposit the arbitration fee with the Market Regulation Department.  Notice shall then be given to the member against whom the claim is asserted, who shall respond to the claim in accordance with Rule 603.

**601.D.        Referral to Arbitration Panel or Mixed Panel**

A Customer claim against a member shall be heard by the type of panel selected by the customer and its decision shall be rendered in accordance with the rules of this Chapter. Customer claims (and any counterclaims, cross-claims or third-party claims applicable thereto) that do not exceed $5,000 and do not include any claim for punitive damages may, in the interests of efficiency and economy, be resolved without hearing.  The panel shall render its decision based upon the parties' written submissions and any other relevant information obtained and provided to the panel and the parties at the direction of the chairman and/or the panel.

## FILING PROCEDURES

## 602.        INITIATING AN ARBITRATION CLAIM

A claimant may initiate a claim by submitting a written description of the dispute, a completed Arbitration Cover Sheet and depositing the appropriate arbitration fee with the Market Regulation Department within the period of eligibility for arbitration claims.  The written claim shall include a clear description of the facts and circumstances involved in the dispute, including the transaction(s) or agreement(s) complained of, the names of the persons and firms alleged to be responsible for any loss to the claimant, the dates of all acts or omissions relevant to the claim, a detailed calculation of the amount claimed and any other information necessary to fully describe the dispute.

The Market Regulation Department shall reject for filing any claim that does not fully describe the dispute, is clearly filed after the period of eligibility has expired or is clearly not arbitrable at the Exchange.  Such a claim will be promptly returned to the filing party with a notice describing the deficiency.  A claimant seeking to correct the deficiency and file an amended claim may do so within 30 days of receiving notice describing the deficiency despite any expiration of the period of eligibility prescribed by Rule 609 during that 30-day period.  The acceptance for filing by the Market Regulation Department shall not preclude a challenge to the arbitrability of the claim nor create a presumption that the claim is arbitrable.

## 603.        ANSWERING AN ARBITRATION CLAIM

Each respondent shall file a written response within 21 days after receipt of the written claim. However, if a party has timely filed a challenge to the arbitrability of the dispute, its response shall be due 21 days after receipt of the written decision confirming the arbitrability of the dispute.

The written answer must admit the claim or describe the respondent's basis for denying liability to the claimant(s).  The answer may include an admission or denial of each specific allegation contained in the claim and/or the respondent's narrative description of the facts and

© Copyright Chicago Mercantile Exchange, Inc. All rights reserved.



CME Rulebook

circumstances involved in the dispute. A respondent may assert in an answer any defense that would be available in a court of law or equity, including any affirmative defense.

**604. FAILURE TO ANSWER**

A respondent's unexcused failure to file a timely answer shall constitute an admission of the facts alleged in a claim.

**605. COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY CLAIMS**

A respondent may assert any counterclaim, cross-claim and/or third-party claim to the extent such claim would be allowable as an original claim under these rules and, in response to claims by a customer against a member, the member may assert any counterclaim, cross-claim and/or third-party claim arising out of the same transaction or incident that is the subject of the customer's claim. Each respondent must file any counterclaim, cross-claim or third-party claim at the same time an answer to a claim is due. Initiating counterclaims, cross-claims, third-party claims and answers thereto shall conform to the requirements for initiating and answering original claims.

A respondent who believes that another member may have a claim to any money or property which is the subject of a dispute in arbitration and that the failure of that other member to assert a claim in the pending arbitration could prejudice the interests of the respondent may submit a request to the chairman to compel the participation of the other member. If a member fails to file such claim after being ordered to assert that claim in the pending arbitration, then notwithstanding any other rule, that member shall be barred from asserting in the future any claim against the respondent that is based on the same transaction, occurrence or subject.

**606. REVIEW OF ARBITRABILITY**

Any party may file a challenge to the arbitrability of a dispute submitted for arbitration at the Exchange. A party's failure to file a timely challenge to arbitrability shall waive any right to object thereafter to the arbitrability of the dispute.

A challenge to arbitrability by a claimant must be filed no later than 5 days after the claim is submitted for arbitration. A challenge to arbitrability by a respondent must be filed no later than 10 days after the respondent has received notice of the claim. The request must be in writing and state the reasons why the dispute is not arbitrable at the Exchange. Any other party may file a written response in support of or opposition to the challenge no later than 10 days after receiving notice of the challenge to arbitrability.

The chairman may decide the arbitrability of a dispute based on his consideration of the written submissions of the parties. The chairman's decision shall be final and is not appealable.

**607. CONSOLIDATION OF ARBITRATION DISPUTES**

If a chairman receives notice that two or more arbitration disputes pending at the Exchange are related, the chairman may order that any or all of the disputes be consolidated for purposes of conducting a hearing on the disputes. In determining whether to consolidate the disputes the chairman may consider the efficiencies of consolidation as well as the burdens and benefits to the parties in consolidating the disputes.

**608. WITHDRAWAL OF CLAIMS**

A. A party may voluntarily withdraw its claim, counterclaim, cross-claim or third-party claim without prejudice at any time before an answer thereto has been filed by notifying the Market Regulation Department in writing of such withdrawal.

B. After an answer to any claim, counterclaim, cross-claim or third-party claim has been filed, the claimant seeking to withdraw the claim, counterclaim, cross-claim or third-party claim must submit to the chairman a written request to withdraw with prejudice or upon such terms and conditions as may be imposed by the chairman.

C. A withdrawal with prejudice under this rule shall bar the claimant from re-filing any claim based on the same acts, transactions or omissions as the dismissed claim.

**609. PERIOD OF ELIGIBILITY FOR ARBITRATION**

An arbitration must be initiated within two years of the date the claimant knew or should have

© Copyright Chicago Mercantile Exchange, Inc. All rights reserved.



CME Rulebook

known of the dispute on which the claim is based, except that claims filed pursuant to Rule 600.C. must be submitted within 10 days of receiving notice that the Exchange has refused to compensate the claimant for the claimed loss.

Counterclaims, cross-claims and third-party claims must be submitted no later than the date on which the answer is due.

## 610. PARALLEL PROCEEDINGS

No claim will be accepted for arbitration at the Exchange if the Market Regulation Department receives notice that another arbitration, reparations action or civil court proceeding based on the same act, transaction or omission as the arbitration claim is pending at the time of filing.

No claim, counterclaim, cross-claim or third party-claim will be accepted for arbitration against a respondent if the Market Regulation Department has received notice that a stay exists due to the pendency of any bankruptcy proceeding against that respondent. If such a stay arises after a claim is accepted for arbitration or if the Market Regulation Department subsequently learns that such a stay is pending, the claim shall be dismissed without prejudice as to each respondent who is the subject of the stay. Nothing in this rule shall prevent a claim in arbitration from proceeding against any remaining respondent.

## PRE-HEARING PROCEDURES

## 611. REQUESTS FOR DOCUMENTS, INFORMATION OR TESTIMONY

A.  The initial schedule for document requests by parties and responses will be set by the Market Regulation Department. The chairman may require any member, or any person employed by or associated with a member to produce relevant documents in his possession or control at any time after a claim has been filed.

Upon the failure of a party or member to voluntarily produce relevant documents in its possession or control upon request by a party, the party seeking the documents may submit a written request to the chairman for an order compelling the production of such documents.

1.  Any request for an order compelling production of documents must:

    a.  identify each document or type of document sought with as much specificity as possible;

    b.  explain the relevance of each document or type of document sought; and

    c.  include a representation that the requesting party has attempted to obtain the documents from the responding party before resorting to a request to the chairman.

2.  The party or member against whom an order compelling production is sought shall:

    a.  produce copies of the requested documents to the requesting party and the Exchange; or

    b.  represent in writing that the documents are not in his possession or control and explain the basis for such representation, and, if applicable, identify who is in possession or control of the requested documents; or

    c.  object in writing to a request and provide the basis for each objection.

B.  In connection with any claim, counterclaim, cross-claim or third-party claim that seeks relief in excess of $50,000, any party may seek leave from the chairman to serve written requests for information on any other party. The chairman shall have discretion to determine whether and under what circumstances such requests may be permitted.

C.  The chairman may require any member, or any person employed by or associated with a member, to appear and to testify at a hearing.

D.  Whenever such production or appearance results from the request of a party, all reasonable costs and expenses incurred shall be borne by the party making the request, unless directed otherwise by the panel. A party who incurs costs and expenses recoverable under this rule may, no later than the close of the last hearing date in the

© Copyright Chicago Mercantile Exchange, Inc. All rights reserved.



CME Rulebook

matter, submit an application to the panel for such costs and expenses. Such application shall contain a detailed explanation of amounts claimed. The panel may grant or deny all or any portion of the application.

E.  Any member or employee thereof failing to appear, testify, produce documents or provide information in accordance with this rule may be charged with a violation of Rule 432.

### 612. DOCUMENTS AND WITNESSES TO BE PRESENTED AT HEARING

No later than 10 business days prior to the first scheduled hearing, each party must provide every other party and the Exchange with copies of all documents that the party intends to offer into evidence and a list of the names of all witnesses, including party-witnesses, who the party intends to call at the hearing in support of a claim or defense. Parties are not required under this rule to provide copies of those documents that they may use, or to identify any witnesses whom they may call, only in cross-examination or rebuttal.

### 613. ADDITIONAL PROCEDURES

The chairman may establish any procedures not otherwise contemplated by these rules necessary to establish a just, equitable and efficient method of resolving a particular dispute, except that the chairman may not decide a motion to dismiss a claim, as motions to dismiss are not permitted under these rules.

### HEARINGS

### 614. ARBITRATION PANEL

#### 614.A.    Appointment of Arbitration Panel

The Market Regulation Department shall select a panel of arbitrators from the Exchange's Arbitration Committee to hear and decide a dispute. The panel shall consist of five arbitrators and one chairman.

#### 614.B.    Requests to Remove an Arbitrator

1.  Each party may request the removal of any arbitrator(s) from a panel for good cause shown. Such request must be made no later than the start of testimony at the first scheduled hearing. Failure of a party to timely request the removal of any arbitrator(s) will be deemed a waiver of that party's right to any further objection to the arbitrator's participation in the hearing and decision of the dispute.

2.  The chairman, after considering a request to remove an arbitrator, another party's objections thereto and/or the statements of an arbitrator whose removal is sought, may deny the request or excuse the arbitrator. The chairman's decision shall be final and may not be appealed.

3.  If an arbitrator is excused prior to the date of the first scheduled hearing, the Market Regulation Department shall select another Arbitration Committee member to replace the excused arbitrator at the hearing. Parties may make any appropriate request for the removal of the replacement arbitrator under this rule.

4.  If an arbitrator is excused on or after the date of the first scheduled hearing, the dispute may, at the election of the non-requesting party and with the consent of the chairman be heard and decided by the remaining arbitrators.

### 615. HEARING PROCEDURES

#### 615.A.    Chairman

The panel chairman shall preside over the proceeding and shall make such determinations on relevancy and procedure as will promote a fair and expeditious adjudication of any claim. The chairman may administer oaths or affirmations by witnesses. Upon request of the panel chairman, the Market Regulation Department shall submit any documents to the panel and parties in the Exchange's possession that are relevant and readily available.

#### 615.B.    Arbitrators

The arbitration panel shall consider all relevant, probative testimony and documents submitted by the parties. The panel shall be the sole judge of the law and the facts, but if the panel is in doubt as to any questions of law, it may refer the question to Exchange legal counsel for an

© Copyright Chicago Mercantile Exchange, Inc. All rights reserved.



CME Rulebook

opinion.  The panel shall not be bound by the formal rules of evidence. The final decision of the panel shall be by majority vote of the arbitrators, and the chairman shall vote only to resolve a tie.

**615.C.      Parties and their Representatives**

Each party and his representative has the right to examine all relevant documents prior to and during the hearing, to present all relevant evidence in support of a claim or defense or as rebuttal to a claim or defense, and to question during the hearing witnesses presented in connection with a claim or defense.  An entity may have one corporate representative of the entity, in addition to any counsel of record, attend the arbitration hearing.  Such corporate representative will not be precluded from testifying in the matter.

**615.D.      Witnesses**

All testimony offered to the panel will be under oath or affirmation.  Witnesses will be permitted in the hearing room only while providing testimony to the panel.  Witnesses shall testify in person at the hearing, except that for good cause shown and in the discretion of the chairman, a witness may be allowed to testify by telephone or other appropriate means.

**615.E.      Hearing Record**

An audio recording of the proceeding shall be made by the Market Regulation Department. Unless otherwise ordered by a chairman of the Arbitration Committee, Business Conduct Committee or a duly   appointed Hearing Panel of the Board of Directors, a copy of the audio recording will be released to a party only for the purpose of perfecting an appeal of a decision rendered by a Panel or upon application to confirm, vacate, modify or correct an award in a court of law.  The requesting party shall bear the cost of copying the recording.

## DECISIONS

## 616.     AWARDS

**616.A.                Decision by Panel**

After a hearing, or, on customer claims that do not exceed $5,000 upon consideration of the pleadings and other relevant information, the arbitration panel shall issue a written decision signed by the panel chairman and at least a majority of the panel.  The panel may decide any matter in controversy and issue any order the panel deems necessary to fully resolve the dispute.  The Market Regulation Department shall promptly serve copies on all parties.  A monetary award made by the panel may include the following:

1.   actual damages;

2.   interest thereon;

3.   punitive damages of no more than two times the amount of actual damages in accordance with Rule 601.A.5.;

4.   the arbitration fee incurred by a prevailing party, or a portion thereof; and

5.   all or any portion of the administrative costs of the proceeding and any other reasonable and necessary expenses, including, but not limited to, attorneys' fees (a) incurred by a party by reason of another party's frivolous or bad faith claim, defense, or conduct during the arbitration or (b) where a statutory or contractual basis exists for awarding such fees. Requests for attorneys' fees and costs incurred in the arbitration proceeding must be raised in the proceeding or they are waived.

**616.B.      Decision by the Chairman**

The chairman may order a party who fails to prosecute or defend a claim to pay to the Exchange all or a portion of its administrative costs incurred in connection with the arbitration claim.

**616.C.      Limitations on Monetary Awards**

Monetary awards in claims filed pursuant to Rule 621 shall be limited as set forth in Rule 578.

## 617.     CORRECTION OF AWARD

Any party may, within three days after receipt of the notice of decision, request the arbitration panel to modify or correct its decision where there has been an obvious material miscalculation or misdescription or where the notice is imperfect in a matter of form not affecting the merits of

© Copyright Chicago Mercantile Exchange, Inc. All rights reserved.



CME Rulebook

the dispute or decision.

## 618. SATISFACTION OF AWARD[1]

A party directed to pay an award shall submit payment of the amount due directly to the party receiving the award. An arbitration award must be satisfied within 15 days of receipt of the notice of decision. If a request is made to correct an award pursuant to Rule 617, the award must be satisfied within 15 days of receipt of the corrected notice of decision.

A party making payment must submit proof of payment to the Market Regulation Department no later than the business day following payment. An individual member who fails to provide proof of payment within the time prescribed will forfeit the following privileges until proof of payment has been provided: 1) access to all CME Group markets; 2) access to the Globex platform; and 3) access to any other electronic trading or clearing platform owned or controlled by CME Group. An entity member that fails to provide proof of payment within the time prescribed will forfeit preferred fee treatment for its proprietary trading. Any member that fails to pay an arbitration award within the time prescribed may be subject to sanctions pursuant to Rule 432.R and may be immediately removed from any trading floor or facility owned or controlled by CME Group.

## APPEALS

## 619. APPEALS[2]

Any decision rendered in a dispute among members resulting in a non-cash award or involving a claim, counterclaim, cross-claim or third-party claim that sought a recovery over $10,000 may be appealed to an appellate panel of the Board ("Appellate Panel"). All other decisions rendered by an arbitration panel are final and may not be appealed. In order to appeal a decision, a party must, within 10 days of receipt of the notice of decision, file with the Market Regulation Department a written request stating the grounds for the appeal and the specific error or impropriety of the original decision based upon the standards set forth in Rule 620 and deposit the applicable fee established by the Exchange. Within 15 days of receipt of the notice of decision, the appellant must deposit with the Market Regulation Department a cashier's or certified check payable to CME Group in the amount of any monetary award against such appellant.

Failure to timely comply with these requirements for appeal, when applicable, shall constitute a waiver of any right to appeal and render the arbitrators' decision final and binding.

Within 15 days after filing a request for an appeal, the appellant shall file with the Market Regulation Department any argument and any documents or information that the appellant intends to use in support of the appeal. The appellee shall have 15 days thereafter to file whatever documents or information he intends to rely upon in opposition to the appeal. An extension beyond the 15-day filing period may be granted by the Market Regulation Department upon a showing of good cause. In the case of a non-cash award, the filing of the notice of appeal shall not stay the decision appealed from unless the panel from which the appeal is taken or the Chief Regulatory Officer specifically directs that the decision be stayed.

The appeal will be determined by an Appellate Panel consisting of three directors appointed by the Chairman of the Board, one of whom the Chairman of the Board shall designate as chairman of the Appellate Panel. No director may serve on an Appellate Panel if he has a personal or financial interest in the matter under consideration. A party may strike any member of the Appellate Panel for good cause shown as determined by the Chief Regulatory Officer, in which event that director shall be excused and the Chairman of the Board shall then select an alternate director from the Board. Any meeting of the Appellate Panel shall require the presence, either in person or by telephone, of each director appointed to the Appellate Panel and shall be conducted by the chairman of the Appellate Panel.

The Appellate Panel may, by unanimous vote, determine that the appeal will be decided based solely upon the parties' written submissions, the record from the arbitration proceeding and any other relevant information provided by the parties to the Appellate Panel. Any information provided by one party must be provided to all parties to the appeal. Additionally, the parties

---

[1] Revised July 2008.
[2] Revised July 2008; April 2009; June 2012.



CME Rulebook

may, upon unanimous consent, request that the Appellate Panel consider the matter based solely on the parties' written submissions, subject to the approval of the Appellate Panel.

## 620.    STANDARDS AND PROCEDURES FOR REVIEW UPON APPEAL

In the following cases, the hearing committee may enter an order amending or vacating the award of the arbitration panel:

A.   Where the award was procured by corruption, fraud or undue means;

B.   Where there was evident partiality or corruption on the part of any of the arbitrators or the chairman;

C.   Where the arbitrators were guilty of misconduct in refusing to hear relevant evidence; or of any other behavior by which the rights of any party have been prejudiced;

D.   Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the dispute submitted was not made; or

E.   Where the arbitrators acted in manifest disregard of the applicable law, including Exchange rules.

The hearing committee shall consider only the record made before the panel and any other evidence submitted by the parties relevant to A. through E. above.  In the event that the hearing committee determines to vacate the award, the matter shall be resubmitted to a new panel of arbitrators for a rehearing.  In the event that the hearing committee amends the award or denies the appeal, such decision of the hearing committee shall be final and binding.

## ADDITIONAL CLAIMS

## 621.    CERTAIN CLAIMS AGAINST THE EXCHANGE INVOLVING TRADING SYSTEMS OR SERVICES

### 621.A.    General

All claims arising out of or relating to the following matters shall be arbitrated in accordance with the specific requirements of this Rule 621 and, to the extent not inconsistent with such requirements, the rules of this Chapter:

1.   receipt of an incorrect order status or the failure to have received an appropriate order status;

2.   the negligence of GCC personnel or any other Exchange staff; or

3.   Phantom Orders, as defined in Rule 578.F.

Nothing in Rules 621 or 622 shall be construed to create a claim against the Exchange, to limit a defense available to the Exchange, or to obviate or modify any limitation of Exchange liability imposed by any other rule.

### 621.B.    Initial Liability Claim and Demand for Arbitration

The initial claim of loss, including a detailed description of any loss suffered, must be made to the Exchange within ten business days of the date of the incident that caused the loss.  The Exchange shall have 30 business days to pay or deny the claim in whole or in part.  If the Exchange denies the claim in whole or in part, the claimant must file a written demand for arbitration with the Market Regulation Department within ten business days after the Exchange has notified the claimant of such denial.  A claimant's failure to pursue its claim within these time limits shall bar any recovery on such claim.

### 621.C.    Selection of Arbitration Panel

The arbitration panel shall consist of three non-member arbitrators from the Exchange's Arbitration Committee.  The panel shall choose a chairman.

### 621.D.    Related Claims

All claims arising out of the same system failure, event or alleged negligent act shall, to the extent practicable in the determination of the chairman, be consolidated for a single hearing.

### 621.E.    Award

Within 30 days of completion of the hearing, the panel shall issue a written decision.  The award shall be limited to the lesser of the actual loss or the loss that would have been incurred if the claimant had used its best efforts to mitigate the loss.  Punitive damages, loss of profits,

© Copyright Chicago Mercantile Exchange, Inc. All rights reserved.



CME Rulebook

loss of use, and indirect, incidental or consequential damages shall not be awarded. The decision of a majority of the panel shall be final and binding, and there shall be no appeal to a hearing committee of the Board of Directors. A party may move, within three business days of the award, that the award be corrected to remedy any miscalculation or misdescription or where the award is otherwise imperfect in a matter of form not affecting the merits of the award.

**621.F.        Satisfaction of Award by Exchange**

The Exchange shall satisfy any award against it subject to its limitation of liability rules and the rules respecting proration among claimants where damages allowed for a defined period of time exceed any limit imposed by Exchange rules. The Exchange may delay paying any award until such time as any applicable proration or limitation can be finally calculated.

## 622.    CLAIMS RELATING TO TRADE CANCELLATIONS OR PRICE ADJUSTMENTS

**622.A.        General**

All claims relating to price adjustments or trade cancellations pursuant to Rule 588 shall be arbitrated in accordance with the specific requirements of this Rule 622 and, to the extent not inconsistent with such requirements, the rules of this Chapter.

**622.B.        Initiation of Claim**

Any claim for loss under Rule 588 must first be submitted to the Exchange as described in Rule 588.E. Following a denial of liability by a party responsible for a trade cancellation or price adjustment and by the clearing firm through which the trade was placed, the claimant may file an arbitration claim with the Market Regulation Department. The Market Regulation Department shall administer the arbitration and provide notice to all parties.

The party alleged to have made the trade that caused the trade cancellation or price adjustment and the clearing firm through which that trade was placed both may be respondents in the arbitration. Any party responsible for a trade cancellation or price adjustment who is not otherwise subject to arbitration under these rules may voluntarily submit to such arbitration by filing a submission agreement with the Market Regulation Department within 21 days of that party's receipt of notice of the referral to arbitration. In the absence of the voluntary submission to arbitration by such party, the arbitration shall proceed solely against the clearing firm through which the trade was placed, and that firm shall be liable for any damages awarded by the panel.

**622.C.        Related Claims**

All claims arbitrable under this rule that arise out of a trade cancellation or price adjustment that was caused by the same incident shall, to the extent practicable in the determination of the chairman, be consolidated for a single hearing.

**622.D.        Award**

Within 30 days of completion of the hearing, the panel shall issue a written decision signed by a majority of the arbitrators. Except as provided below, the claims shall be limited to realized losses. Any award shall be made jointly and severally against the respondents. In the event the panel finds the respondent(s) liable for the full amount of the claim, the panel shall also award the claimants their costs and attorneys fees incurred in connection with arbitrating the claim.

Punitive damages, loss of profits, loss of use, and indirect, incidental or consequential damages shall not be awarded. The decision of a majority of the panel shall be final and may not be appealed. A party may move, within three business days of the award, for an order correcting or modifying the award to remedy any miscalculation or misdescription or where the award is otherwise imperfect in a matter of form not affecting the merits of the award.

## MISCELLANEOUS

## 623.    RIGHT TO COUNSEL

Every person is entitled to represent his own interests, be represented by an attorney at law of his choosing and at his own expense who is admitted to practice before the highest court in any State, or be represented by any other non-compensated representative at any stage of an



CME Rulebook

arbitration proceeding at the Exchange. An entity must be represented by an officer or owner of the entity or by an attorney at law. Notwithstanding the above, no person may be represented by a member of the Arbitration Committee, a member of the Board, an employee of CME Group or any person related to the arbitration.

## 624. COMPUTATION OF TIME

For the purposes of this Chapter, when a period of time is prescribed by a number of days, and not a specific date, the first day counted for the time prescribed is the day after notice is received or other event giving rise to the period of time occurs. Any submission is due or the time to take action shall lapse by the close of business on the last day counted, unless the last day is a weekend or Exchange holiday, in which case the due date shall be the next following day the Exchange is open for business.

For time periods of five days or less only days the Exchange is open for business will be counted. For all other time periods calendar days will be counted.

## 625. SUBMISSIONS TO OR COMMUNICATIONS WITH THE PANEL

Any submission for consideration by a chairman or panel must be submitted to the Market Regulation Department with copies simultaneously served on each other party or designated representative of a party.

After a dispute has been submitted for arbitration, a person filing the claim or required to respond to the claim and any person asked to provide documents, information or testimony in connection with such claim shall not contact any member of a panel appointed to hear the claim for any purpose related to the dispute described by the claim.

## 626. ARBITRATION FEES

Any person submitting an arbitration claim or appealing a decision of an arbitration panel shall remit the applicable fees as may be determined by the Exchange at the time of submission or appeal, in order for such action to be effective.

## ARBITRATION COMMITTEE

## 627. ARBITRATION COMMITTEE

Each member of the Arbitration Committee shall:

A. be appointed by the Board Chairman on an annual basis;

B. pledge to the Exchange that he will not publish, divulge, or make known in any manner any facts or information which may come to his attention while performing his duties as a member of the Arbitration Committee, except when reporting to the Board, or to a committee concerned with such information, or when called upon to respond in any judicial or administrative proceeding;

C. comply with the standards of the American Bar Association-American Arbitration Association's "Code of Ethics for Arbitrators in Commercial Disputes" which the Exchange hereby adopts as its own code of ethics for arbitrators;

D. pledge to immediately disclose any matter, relationship or interest with any party or the subject of a dispute which may affect the arbitrator's ability to be, or create the appearance that the arbitrator is not, impartial in deliberating and deciding a dispute; and

E. promptly give notice to the Market Regulation Department of any ex parte communication directed to such Arbitration Committee member which is prohibited by Rule 625.

(End of Chapter 6)

# Commercial

## Arbitration Rules and Mediation Procedures

**Including Procedures for Large, Complex Commercial Disputes**



AMERICAN ARBITRATION ASSOCIATION®

Available online at **adr.org/commercial**

Rules Amended and Effective October 1, 2013
Fee Schedule Amended and Effective July 1, 2016

## Regional Vice Presidents

**States: Delaware, District of Columbia, Maryland, New Jersey, Pennsylvania, Virginia**
P. Jean Baker, Esq.
Vice President
Phone: 202.223.7093
Email: BakerJ@adr.org

**States: Oklahoma, Texas**
Andrew Barton
Vice President
Phone: 210.998.5750
Email: BartonA@adr.org

**States: Alabama, Georgia**
John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org

**States: City of Houston, Louisiana, Mississippi**
Ingeuneal C. Gray, Esq.
Vice President
Phone: 832.308.7893
Email: GrayI@adr.org

**States: Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont**
Karen Jalkut
Vice President
Phone: 617.695.6062
Email: JalkutK@adr.org

**States: Alaska, California, Hawaii, Oregon, Washington**
Serena K. Lee, Esq.
Vice President
Phone: 415.671.4053
Email: LeeS@adr.org

**States: Indiana, Kentucky, North Carolina, Ohio, South Carolina, Tennessee, West Virginia**
Michelle M. Skipper
Vice President
Phone: 704.643.8605
Email: SkipperM@adr.org

**States: Florida**
Rebecca Storrow, Ph.D.
Vice President
Phone: 954.372.4341
Email: StorrowR@adr.org

**States: Arizona, Colorado, Kansas, Idaho, Montana, Nebraska, Nevada, New Mexico, Utah, Wyoming**
Lance K. Tanaka
Vice President
Phone: 303.831.0824
Email: TanakaL@adr.org

**States: Arkansas, Illinois, Iowa, Michigan, Minnesota, Missouri, North Dakota, South Dakota, Wisconsin**
A. Kelly Turner, Esq.
Vice President
Phone: 312.361.1116
Email: TurnerK@adr.org

**States: New York**
Jeffrey T. Zaino, Esq.
Vice President
Phone: 212.484.3224
Email: ZainoJ@adr.org

## Case Management Vice Presidents and Assistant Vice Presidents

Jeffrey Garcia
Vice President
Phone: 559.490.1860
Email: GarciaJ@adr.org
**Administers cases in: AK, AZ, AR, CA, CO, HI, ID, IL, IA, KS, LA, MN, MS, MO, MT, NE, NV, NM, ND, OK, OR, SD, TX, UT, WA, WI, WY**

John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org
**Administers cases in: AL, DC, FL, GA, IN, KY, MD, NC, OH, SC, TN, VA**

Yvonne Baglini
Assistant Vice President
Phone: 866.293.4053
Email: BagliniY@adr.org
**Administers cases in: CT, DE, MA, ME, MI, NH, NJ, NY, PA, RI, VT, WV**

# Table of Contents

Important Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Standard Arbitration Clause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Administrative Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Large, Complex Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


Commercial Arbitration Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    R-1. Agreement of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    R-2. AAA and Delegation of Duties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    R-3. National Roster of Arbitrators. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    R-4. Filing Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    R-5. Answers and Counterclaims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    R-6. Changes of Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    R-7. Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    R-8. Interpretation and Application of Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    R-9. Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    R-10. Administrative Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    R-11. Fixing of Locale . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    R-12. Appointment from National Roster . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    R-13. Direct Appointment by a Party. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    R-14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties. . . . . . . 16

    R-15. Nationality of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    R-16. Number of Arbitrators. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    R-17. Disclosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    R-18. Disqualification of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    R-19. Communication with Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    R-20. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    R-21. Preliminary Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    R-22. Pre-Hearing Exchange and Production of Information . . . . . . . . . . . . . . . . . . 19

    R-23. Enforcement Powers of the Arbitrator. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

    R-24. Date, Time, and Place of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

    R-25. Attendance at Hearings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    R-26. Representation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    R-27. Oaths . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

R-28. Stenographic Record. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

R-29. Interpreters. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

R-30. Postponements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

R-31. Arbitration in the Absence of a Party or Representative . . . . . . . . . . . . . . . . . . . .22

R-32. Conduct of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

R-33. Dispositive Motions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23

R-34. Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23

R-35. Evidence by Written Statements and Post-Hearing Filing of Documents or
Other Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23

R-36. Inspection or Investigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

R-37. Interim Measures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

R-38. Emergency Measures of Protection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

R-39. Closing of Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

R-40. Reopening of Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

R-41. Waiver of Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

R-42. Extensions of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

R-43. Serving of Notice and Communications . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

R-44. Majority Decision. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

R-45. Time of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

R-46. Form of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

R-47. Scope of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28

R-48. Award Upon Settlement—Consent Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28

R-49. Delivery of Award to Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28

R-50. Modification of Award. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28

R-51. Release of Documents for Judicial Proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . .29

R-52. Applications to Court and Exclusion of Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . .29

R-53. Administrative Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29

R-54. Expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29

R-55. Neutral Arbitrator's Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30

R-56. Deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30

R-57. Remedies for Nonpayment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30

R-58. Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .31

**Preliminary Hearing Procedures** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

P-1. General . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

P-2. Checklist . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

**Expedited Procedures** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

E-1. Limitation on Extensions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

E-2. Changes of Claim or Counterclaim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

E-3. Serving of Notices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

E-4. Appointment and Qualifications of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

E-5. Exchange of Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

E-6. Proceedings on Documents and Procedures for the Resolution of Disputes
Through Document Submission  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

E-7. Date, Time, and Place of Hearing  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

E-8. The Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

E-9. Time of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

E-10. Arbitrator's Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

**Procedures for Large, Complex Commercial Disputes** . . . . . . . . . . . . . . . . . . . . . . . . 37

L-1. Administrative Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

L-2. Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

L-3. Management of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

**Administrative Fee Schedules (Standard and Flexible Fees)** . . . . . . . . . . . . . . . . . . 38

**Commercial Mediation Procedures** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

M-1. Agreement of Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

M-2. Initiation of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

M-3. Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

M-4. Appointment of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

M-5. Mediator's Impartiality and Duty to Disclose . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

M-6. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

M-7. Duties and Responsibilities of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

M-8. Responsibilities of the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

M-9. Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

M-10. Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

M-11. No Stenographic Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

M-12. Termination of Mediation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .43

M-13. Exclusion of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .43

M-14. Interpretation and Application of Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . .43

M-15. Deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .43

M-16. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44

M-17. Cost of the Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44



# Commercial Arbitration Rules and Mediation Procedures

(Including Procedures for Large, Complex Commercial Disputes)

## Important Notice

These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA®. To ensure that you have the most current information, see our web site at **www.adr.org.**

## Introduction

Each year, many millions of business transactions take place. Occasionally, disagreements develop over these business transactions. Many of these disputes are resolved by arbitration, the voluntary submission of a dispute to an impartial person or persons for final and binding determination. Arbitration has proven to be an effective way to resolve these disputes privately, promptly, and economically.

The American Arbitration Association® (AAA), a not-for-profit, public service organization, offers a broad range of dispute resolution services to business executives, attorneys, individuals, trade associations, unions, management, consumers, families, communities, and all levels of government. Services are available through AAA headquarters in New York and through offices located in major cities throughout the United States. Hearings may be held at locations convenient for the parties and are not limited to cities with AAA offices. In addition, the AAA serves as a center for education and training, issues specialized publications, and conducts research on various forms of alternative dispute resolution.

## Standard Arbitration Clause

The parties can provide for arbitration of future disputes by inserting the following clause into their contracts:

> *Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.*

Arbitration of existing disputes may be accomplished by use of the following:

> *We, the undersigned parties, hereby agree to submit to arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules the following Controversy: (describe briefly). We further agree that the above controversy be submitted to (one) (three) arbitrator(s). We further agree that we will faithfully observe this agreement and the rules, that we will abide by and perform any award rendered by the arbitrator(s), and that a judgment of any court having jurisdiction may be entered on the award.*

The services of the AAA are generally concluded with the transmittal of the award. Although there is voluntary compliance with the majority of awards, judgment on the award can be entered in a court having appropriate jurisdiction if necessary.

## Administrative Fees

The AAA charges a filing fee based on the amount of the claim or counterclaim. This fee information, which is included with these rules, allows the parties to exercise control over their administrative fees. The fees cover AAA administrative services; they do not cover arbitrator compensation or expenses, if any, reporting services, or any post-award charges incurred by the parties in enforcing the award.

## Mediation

Subject to the right of any party to opt out, in cases where a claim or counterclaim exceeds $75,000, the rules provide that the parties shall mediate their dispute upon the administration of the arbitration or at any time when the arbitration is pending. In mediation, the neutral mediator assists the parties in

reaching a settlement but does not have the authority to make a binding decision or award. Mediation is administered by the AAA in accordance with its Commercial Mediation Procedures. There is no additional filing fee where parties to a pending arbitration attempt to mediate their dispute under the AAA's auspices.

Although these rules include a mediation procedure that will apply to many cases, parties may still want to incorporate mediation into their contractual dispute settlement process. Parties can do so by inserting the following mediation clause into their contract in conjunction with a standard arbitration provision:

> *If a dispute arises out of or relates to this contract, or the breach thereof, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration, litigation, or some other dispute resolution procedure.*

If the parties want to use a mediator to resolve an existing dispute, they can enter into the following submission agreement:

> *The parties hereby submit the following dispute to mediation administered by the American Arbitration Association under its Commercial Mediation Procedures. (The clause may also provide for the qualifications of the mediator(s), method of payment, locale of meetings, and any other item of concern to the parties.)*

## Large, Complex Cases

Unless the parties agree otherwise, the procedures for Large, Complex Commercial Disputes, which appear in this pamphlet, will be applied to all cases administered by the AAA under the Commercial Arbitration Rules in which the disclosed claim or counterclaim of any party is at least $500,000 exclusive of claimed interest, arbitration fees and costs. The key features of these procedures include:

> A highly qualified, trained Roster of Neutrals;

> A mandatory preliminary hearing with the arbitrators, which may be conducted by teleconference;

> Broad arbitrator authority to order and control the exchange of information, including depositions;

> A presumption that hearings will proceed on a consecutive or block basis.

## Commercial Arbitration Rules

### R-1. Agreement of Parties*

**(a)** The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These rules and any amendment of them shall apply in the form in effect at the time the administrative requirements are met for a Demand for Arbitration or Submission Agreement received by the AAA. Any disputes regarding which AAA rules shall apply shall be decided by the AAA. The parties, by written agreement, may vary the procedures set forth in these rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator.

**(b)** Unless the parties or the AAA determines otherwise, the Expedited Procedures shall apply in any case in which no disclosed claim or counterclaim exceeds $75,000, exclusive of interest, attorneys' fees, and arbitration fees and costs.

Parties may also agree to use these procedures in larger cases. Unless the parties agree otherwise, these procedures will not apply in cases involving more than two parties. The Expedited Procedures shall be applied as described in Sections E-1 through E-10 of these rules, in addition to any other portion of these rules that is not in conflict with the Expedited Procedures.

**(c)** Unless the parties agree otherwise, the Procedures for Large, Complex Commercial Disputes shall apply to all cases in which the disclosed claim or counterclaim of any party is at least $500,000 or more, exclusive of claimed interest, attorneys' fees, arbitration fees and costs. Parties may also agree to use the procedures in cases involving claims or counterclaims under $500,000, or in nonmonetary cases. The Procedures for Large, Complex Commercial Disputes shall be applied as described in Sections L-1 through L-3 of these rules, in addition to any other portion of these rules that is not in conflict with the Procedures for Large, Complex Commercial Disputes.

**(d)** Parties may, by agreement, apply the Expedited Procedures, the Procedures for Large, Complex Commercial Disputes, or the Procedures for the Resolution of Disputes through Document Submission (Rule E-6) to any dispute.

**(e)** All other cases shall be administered in accordance with Sections R-1 through R-58 of these rules.

*\* A dispute arising out of an employer-promulgated plan will be administered under the AAA's Employment Arbitration Rules and Mediation Procedures. A dispute arising out of a consumer arbitration agreement will be administered under the AAA's Consumer Arbitration Rules.*

### R-2. AAA and Delegation of Duties

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices. Arbitrations administered under these rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

### R-3. National Roster of Arbitrators

The AAA shall establish and maintain a National Roster of Arbitrators ("National Roster") and shall appoint arbitrators as provided in these rules. The term "arbitrator" in these rules refers to the arbitration panel, constituted for a particular case, whether composed of one or more arbitrators, or to an individual arbitrator, as the context requires.

### R-4. Filing Requirements

**(a)** Arbitration under an arbitration provision in a contract shall be initiated by the initiating party ("claimant") filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement from the parties' contract which provides for arbitration.

**(b)** Arbitration pursuant to a court order shall be initiated by the initiating party filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of any applicable arbitration agreement from the parties' contract which provides for arbitration.

  **i.** The filing party shall include a copy of the court order.

  **ii.** The filing fee must be paid before a matter is considered properly filed. If the court order directs that a specific party is responsible for the filing fee, it is the responsibility of the filing party to either make such payment to the AAA and seek reimbursement as directed in the court order or to make other such arrangements so that the filing fee is submitted to the AAA with the Demand.

  **iii.** The party filing the Demand with the AAA is the claimant and the opposing party is the respondent regardless of which party initiated the court action. Parties may request that the arbitrator alter the order of proceedings if necessary pursuant to R-32.

**(c)** It is the responsibility of the filing party to ensure that any conditions precedent to the filing of a case are met prior to filing for an arbitration, as well as any time requirements associated with the filing. Any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination.

(d) Parties to any existing dispute who have not previously agreed to use these rules may commence an arbitration under these rules by filing a written submission agreement and the administrative filing fee. To the extent that the parties' submission agreement contains any variances from these rules, such variances should be clearly stated in the Submission Agreement.

(e) Information to be included with any arbitration filing includes:

    i. the name of each party;

    ii. the address for each party, including telephone and fax numbers and e-mail addresses;

    iii. if applicable, the names, addresses, telephone and fax numbers, and e-mail addresses of any known representative for each party;

    iv. a statement setting forth the nature of the claim including the relief sought and the amount involved; and

    v. the locale requested if the arbitration agreement does not specify one.

(f) The initiating party may file or submit a dispute to the AAA in the following manner:

    i. through AAA WebFile, located at **www.adr.org;** or

    ii. by filing the complete Demand or Submission with any AAA office, regardless of the intended locale of hearing.

(g) The filing party shall simultaneously provide a copy of the Demand and any supporting documents to the opposing party.

(h) The AAA shall provide notice to the parties (or their representatives if so named) of the receipt of a Demand or Submission when the administrative filing requirements have been satisfied. The date on which the filing requirements are satisfied shall establish the date of filing the dispute for administration. However, all disputes in connection with the AAA's determination of the date of filing may be decided by the arbitrator.

(i) If the filing does not satisfy the filing requirements set forth above, the AAA shall acknowledge to all named parties receipt of the incomplete filing and inform the parties of the filing deficiencies. If the deficiencies are not cured by the date specified by the AAA, the filing may be returned to the initiating party.

## R-5. Answers and Counterclaims

(a) A respondent may file an answering statement with the AAA within 14 calendar days after notice of the filing of the Demand is sent by the AAA. The respondent shall, at the time of any such filing, send a copy of any answering statement to the claimant and to all other parties to the arbitration. If no answering statement is filed within the stated time, the respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.

**(b)** A respondent may file a counterclaim at any time after notice of the filing of the Demand is sent by the AAA, subject to the limitations set forth in Rule R-6. The respondent shall send a copy of the counterclaim to the claimant and all other parties to the arbitration. If a counterclaim is asserted, it shall include a statement setting forth the nature of the counterclaim including the relief sought and the amount involved. The filing fee as specified in the applicable AAA Fee Schedule must be paid at the time of the filing of any counterclaim.

**(c)** If the respondent alleges that a different arbitration provision is controlling, the matter will be administered in accordance with the arbitration provision submitted by the initiating party subject to a final determination by the arbitrator.

**(d)** If the counterclaim does not meet the requirements for filing a claim and the deficiency is not cured by the date specified by the AAA, it may be returned to the filing party.

## R-6. Changes of Claim

**(a)** A party may at any time prior to the close of the hearing or by the date established by the arbitrator increase or decrease the amount of its claim or counterclaim. Written notice of the change of claim amount must be provided to the AAA and all parties. If the change of claim amount results in an increase in administrative fee, the balance of the fee is due before the change of claim amount may be accepted by the arbitrator.

**(b)** Any new or different claim or counterclaim, as opposed to an increase or decrease in the amount of a pending claim or counterclaim, shall be made in writing and filed with the AAA, and a copy shall be provided to the other party, who shall have a period of 14 calendar days from the date of such transmittal within which to file an answer to the proposed change of claim or counterclaim with the AAA. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

## R-7. Jurisdiction

**(a)** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

**(b)** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**(c)** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

### R-8. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other rules shall be interpreted and applied by the AAA.

### R-9. Mediation

In all cases where a claim or counterclaim exceeds $75,000, upon the AAA's administration of the arbitration or at any time while the arbitration is pending, the parties shall mediate their dispute pursuant to the applicable provisions of the AAA's Commercial Mediation Procedures, or as otherwise agreed by the parties. Absent an agreement of the parties to the contrary, the mediation shall take place concurrently with the arbitration and shall not serve to delay the arbitration proceedings. However, any party to an arbitration may unilaterally opt out of this rule upon notification to the AAA and the other parties to the arbitration. The parties shall confirm the completion of any mediation or any decision to opt out of this rule to the AAA. Unless agreed to by all parties and the mediator, the mediator shall not be appointed as an arbitrator to the case.

### R-10. Administrative Conference

At the request of any party or upon the AAA's own initiative, the AAA may conduct an administrative conference, in person or by telephone, with the parties and/or their representatives. The conference may address such issues as arbitrator selection, mediation of the dispute, potential exchange of information, a timetable for hearings, and any other administrative matters.

### R-11. Fixing of Locale

The parties may mutually agree on the locale where the arbitration is to be held. Any disputes regarding the locale that are to be decided by the AAA must be submitted to the AAA and all other parties within 14 calendar days from the date of the AAA's initiation of the case or the date established by the AAA. Disputes regarding locale shall be determined in the following manner:

(a) When the parties' arbitration agreement is silent with respect to locale, and if the parties disagree as to the locale, the AAA may initially determine the place of

arbitration, subject to the power of the arbitrator after appointment, to make a final determination on the locale.

**(b)** When the parties' arbitration agreement requires a specific locale, absent the parties' agreement to change it, or a determination by the arbitrator upon appointment that applicable law requires a different locale, the locale shall be that specified in the arbitration agreement.

**(c)** If the reference to a locale in the arbitration agreement is ambiguous, and the parties are unable to agree to a specific locale, the AAA shall determine the locale, subject to the power of the arbitrator to finally determine the locale.

The arbitrator, at the arbitrator's sole discretion, shall have the authority to conduct special hearings for document production purposes or otherwise at other locations if reasonably necessary and beneficial to the process.

## R-12. Appointment from National Roster

If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

**(a)** The AAA shall send simultaneously to each party to the dispute an identical list of 10 (unless the AAA decides that a different number is appropriate) names of persons chosen from the National Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

**(b)** If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 14 calendar days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. The parties are not required to exchange selection lists. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable to that party. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the National Roster without the submission of additional lists.

**(c)** Unless the parties agree otherwise, when there are two or more claimants or two or more respondents, the AAA may appoint all the arbitrators.

## R-13. Direct Appointment by a Party

**(a)** If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed. The notice of appointment, with the name and address of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

**(b)** Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-18 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-18(b) that the party-appointed arbitrators are to be non-neutral and need not meet those standards.

**(c)** If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

**(d)** If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 14 calendar days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

## R-14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

**(a)** If, pursuant to Section R-13, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.

**(b)** If no period of time is specified for appointment of the chairperson, and the party-appointed arbitrators or the parties do not make the appointment within 14 calendar days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

**(c)** If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-12, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

### R-15. Nationality of Arbitrator

Where the parties are nationals of different countries, the AAA, at the request of any party or on its own initiative, may appoint as arbitrator a national of a country other than that of any of the parties. The request must be made before the time set for the appointment of the arbitrator as agreed by the parties or set by these rules.

### R-16. Number of Arbitrators

(a) If the arbitration agreement does not specify the number of arbitrators, the dispute shall be heard and determined by one arbitrator, unless the AAA, in its discretion, directs that three arbitrators be appointed. A party may request three arbitrators in the Demand or Answer, which request the AAA will consider in exercising its discretion regarding the number of arbitrators appointed to the dispute.

(b) Any request for a change in the number of arbitrators as a result of an increase or decrease in the amount of a claim or a new or different claim must be made to the AAA and other parties to the arbitration no later than seven calendar days after receipt of the R-6 required notice of change of claim amount. If the parties are unable to agree with respect to the request for a change in the number of arbitrators, the AAA shall make that determination.

### R-17. Disclosure

(a) Any person appointed or to be appointed as an arbitrator, as well as the parties and their representatives, shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration. Failure on the part of a party or a representative to comply with the requirements of this rule may result in the waiver of the right to object to an arbitrator in accordance with Rule R-41.

(b) Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

(c) Disclosure of information pursuant to this Section R-17 is not an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

## R-18. Disqualification of Arbitrator

(a) Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for:

   i. partiality or lack of independence,

   ii. inability or refusal to perform his or her duties with diligence and in good faith, and

   iii. any grounds for disqualification provided by applicable law.

(b) The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-13 shall be non-neutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

(c) Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

## R-19. Communication with Arbitrator

(a) No party and no one acting on behalf of any party shall communicate *ex parte* with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate *ex parte* with a candidate for direct appointment pursuant to R-13 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

(b) Section R-19(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-18(b), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Section R-18(b), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-19(a) should nonetheless apply prospectively.

(c) In the course of administering an arbitration, the AAA may initiate communications with each party or anyone acting on behalf of the parties either jointly or individually.

(d) As set forth in R-43, unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## R-20. Vacancies

**(a)** If for any reason an arbitrator is unable or unwilling to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with the applicable provisions of these rules.

**(b)** In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

**(c)** In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

## R-21. Preliminary Hearing

**(a)** At the discretion of the arbitrator, and depending on the size and complexity of the arbitration, a preliminary hearing should be scheduled as soon as practicable after the arbitrator has been appointed. The parties should be invited to attend the preliminary hearing along with their representatives. The preliminary hearing may be conducted in person or by telephone.

**(b)** At the preliminary hearing, the parties and the arbitrator should be prepared to discuss and establish a procedure for the conduct of the arbitration that is appropriate to achieve a fair, efficient, and economical resolution of the dispute. Sections P-1 and P-2 of these rules address the issues to be considered at the preliminary hearing.

## R-22. Pre-Hearing Exchange and Production of Information

**(a)** *Authority of arbitrator.* The arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses.

**(b)** *Documents.* The arbitrator may, on application of a party or on the arbitrator's own initiative:

    **i.** require the parties to exchange documents in their possession or custody on which they intend to rely;

    **ii.** require the parties to update their exchanges of the documents on which they intend to rely as such documents become known to them;

    **iii.** require the parties, in response to reasonable document requests, to make available to the other party documents, in the responding party's possession or custody, not otherwise readily available to the party seeking the documents, reasonably believed by the party seeking the documents to exist and to be relevant and material to the outcome of disputed issues; and

iv. require the parties, when documents to be exchanged or produced are maintained in electronic form, to make such documents available in the form most convenient and economical for the party in possession of such documents, unless the arbitrator determines that there is good cause for requiring the documents to be produced in a different form. The parties should attempt to agree in advance upon, and the arbitrator may determine, reasonable search parameters to balance the need for production of electronically stored documents relevant and material to the outcome of disputed issues against the cost of locating and producing them.

## R-23. Enforcement Powers of the Arbitrator

The arbitrator shall have the authority to issue any orders necessary to enforce the provisions of rules R-21 and R-22 and to otherwise achieve a fair, efficient and economical resolution of the case, including, without limitation:

(a) conditioning any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing, on appropriate orders to preserve such confidentiality;

(b) imposing reasonable search parameters for electronic and other documents if the parties are unable to agree;

(c) allocating costs of producing documentation, including electronically stored documentation;

(d) in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance; and

(e) issuing any other enforcement orders which the arbitrator is empowered to issue under applicable law.

## R-24. Date, Time, and Place of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 calendar days in advance of the hearing date, unless otherwise agreed by the parties.

### R-25. Attendance at Hearings

The arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides to the contrary. Any person having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person.

### R-26. Representation

Any party may participate without representation (*pro se*), or by counsel or any other representative of the party's choosing, unless such choice is prohibited by applicable law. A party intending to be so represented shall notify the other party and the AAA of the name, telephone number and address, and email address if available, of the representative at least seven calendar days prior to the date set for the hearing at which that person is first to appear. When such a representative initiates an arbitration or responds for a party, notice is deemed to have been given.

### R-27. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

### R-28. Stenographic Record

**(a)** Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three calendar days in advance of the hearing. The requesting party or parties shall pay the cost of the record.

**(b)** No other means of recording the proceedings will be permitted absent the agreement of the parties or per the direction of the arbitrator.

**(c)** If the transcript or any other recording is agreed by the parties or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

**(d)** The arbitrator may resolve any disputes with regard to apportionment of the costs of the stenographic record or other recording.

### R-29. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

### R-30. Postponements

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

### R-31. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

### R-32. Conduct of Proceedings

**(a)** The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

**(b)** The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

**(c)** When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including video conferencing, internet communication, telephonic conferences and means other than an in-person presentation. Such alternative means must afford a full opportunity for all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and, when involving witnesses, provide an opportunity for cross-examination.

**(d)** The parties may agree to waive oral hearings in any case and may also agree to utilize the Procedures for Resolution of Disputes Through Document Submission, found in Rule E-6.

## R-33. Dispositive Motions

The arbitrator may allow the filing of and make rulings upon a dispositive motion only if the arbitrator determines that the moving party has shown that the motion is likely to succeed and dispose of or narrow the issues in the case.

## R-34. Evidence

**(a)** The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent, in default, or has waived the right to be present.

**(b)** The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

**(c)** The arbitrator shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

**(d)** An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

## R-35. Evidence by Written Statements and Post-Hearing Filing of Documents or Other Evidence

**(a)** At a date agreed upon by the parties or ordered by the arbitrator, the parties shall give written notice for any witness or expert witness who has provided a written witness statement to appear in person at the arbitration hearing for examination. If such notice is given, and the witness fails to appear, the arbitrator may disregard the written witness statement and/or expert report of the witness or make such other order as the arbitrator may consider to be just and reasonable.

**(b)** If a witness whose testimony is represented by a party to be essential is unable or unwilling to testify at the hearing, either in person or through electronic or other means, either party may request that the arbitrator order the witness to appear in person for examination before the arbitrator at a time and location where the witness is willing and able to appear voluntarily or can legally be compelled to do so. Any such order may be conditioned upon payment by the requesting party of all reasonable costs associated with such examination.

**(c)** If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded an opportunity to examine and respond to such documents or other evidence.

### R-36. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time and the AAA shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

### R-37. Interim Measures

(a) The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

(b) Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

(c) A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

### R-38. Emergency Measures of Protection

(a) Unless the parties agree otherwise, the provisions of this rule shall apply to arbitrations conducted under arbitration clauses or agreements entered on or after October 1, 2013.

(b) A party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile or e-mail or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

(c) Within one business day of receipt of notice as provided in section (b), the AAA shall appoint a single emergency arbitrator designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstance likely, on the basis of the facts disclosed on the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

**(d)** The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such a schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone or video conference or on written submissions as alternatives to a formal hearing. The emergency arbitrator shall have the authority vested in the tribunal under Rule 7, including the authority to rule on her/his own jurisdiction, and shall resolve any disputes over the applicability of this Rule 38.

**(e)** If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage shall result in the absence of emergency relief, and that such party is entitled to such relief, the emergency arbitrator may enter an interim order or award granting the relief and stating the reason therefore.

**(f)** Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no further power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

**(g)** Any interim award of emergency relief may be conditioned on provision by the party seeking such relief for appropriate security.

**(h)** A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with this rule, the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in this rule and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

**(i)** The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subject to the power of the tribunal to determine finally the apportionment of such costs.

## R-39. Closing of Hearing

**(a)** The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

**(b)** If documents or responses are to be filed as provided in Rule R-35, or if briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If no documents, responses, or briefs are to be filed, the arbitrator shall declare the hearings closed as of the date of the last hearing (including telephonic hearings). If the case was heard without any oral hearings, the arbitrator shall close the hearings upon the due date established for receipt of the final submission.

**(c)** The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing. The AAA may extend the time limit for rendering of the award only in unusual and extreme circumstances.

## R-40. Reopening of Hearing

The hearing may be reopened on the arbitrator's initiative, or by the direction of the arbitrator upon application of a party, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed to by the parties in the arbitration agreement, the matter may not be reopened unless the parties agree to an extension of time. When no specific date is fixed by agreement of the parties , the arbitrator shall have 30 calendar days from the closing of the reopened hearing within which to make an award (14 calendar days if the case is governed by the Expedited Procedures).

## R-41. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.

## R-42. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these rules, except the time for making the award. The AAA shall notify the parties of any extension.

## R-43. Serving of Notice and Communications

**(a)** Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

**(b)** The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), or electronic (e-mail) to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by e-mail or other methods of communication.

**(c)** Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

**(d)** Unless otherwise instructed by the AAA or by the arbitrator, all written communications made by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

**(e)** Failure to provide the other party with copies of communications made to the AAA or to the arbitrator may prevent the AAA or the arbitrator from acting on any requests or objections contained therein.

**(f)** The AAA may direct that any oral or written communications that are sent by a party or their representative shall be sent in a particular manner. The failure of a party or their representative to do so may result in the AAA's refusal to consider the issue raised in the communication.

### R-44. Majority Decision

**(a)** When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement or section (b) of this rule, a majority of the arbitrators must make all decisions.

**(b)** Where there is a panel of three arbitrators, absent an objection of a party or another member of the panel, the chairperson of the panel is authorized to resolve any disputes related to the exchange of information or procedural matters without the need to consult the full panel.

### R-45. Time of Award

The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 calendar days from the date of closing the hearing, or, if oral hearings have been waived, from the due date set for receipt of the parties' final statements and proofs.

### R-46. Form of Award

**(a)** Any award shall be in writing and signed by a majority of the arbitrators. It shall be executed in the form and manner required by law.

**(b)** The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate.

## R-47. Scope of Award

**(a)** The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.

**(b)** In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate.

**(c)** In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-53, R-54, and R-55. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.

**(d)** The award of the arbitrator(s) may include:

    **i.** interest at such rate and from such date as the arbitrator(s) may deem appropriate; and

    **ii.** an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

## R-48. Award Upon Settlement—Consent Award

**(a)** If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent award." A consent award must include an allocation of arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses.

**(b)** The consent award shall not be released to the parties until all administrative fees and all arbitrator compensation have been paid in full.

## R-49. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at their last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

## R-50. Modification of Award

Within 20 calendar days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other

parties shall be given 10 calendar days to respond to the request. The arbitrator shall dispose of the request within 20 calendar days after transmittal by the AAA to the arbitrator of the request and any response thereto.

### R-51. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party to the arbitration, furnish to the party, at its expense, copies or certified copies of any papers in the AAA's possession that are not determined by the AAA to be privileged or confidential.

### R-52. Applications to Court and Exclusion of Liability

**(a)** No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

**(b)** Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary or proper party in judicial proceedings relating to the arbitration.

**(c)** Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

**(d)** Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

**(e)** Parties to an arbitration under these rules may not call the arbitrator, the AAA, or AAA employees as a witness in litigation or any other proceeding relating to the arbitration. The arbitrator, the AAA and AAA employees are not competent to testify as witnesses in any such proceeding.

### R-53. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe administrative fees to compensate it for the cost of providing administrative services. The fees in effect when the fee or charge is incurred shall be applicable. The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award. The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

### R-54. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and

the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

### R-55. Neutral Arbitrator's Compensation

(a) Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation.

(b) If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

(c) Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

### R-56. Deposits

(a) The AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case.

(b) Other than in cases where the arbitrator serves for a flat fee, deposit amounts requested will be based on estimates provided by the arbitrator. The arbitrator will determine the estimated amount of deposits using the information provided by the parties with respect to the complexity of each case.

(c) Upon the request of any party, the AAA shall request from the arbitrator an itemization or explanation for the arbitrator's request for deposits.

### R-57. Remedies for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment.

(a) Upon receipt of information from the AAA that payment for administrative charges or deposits for arbitrator compensation have not been paid in full, to the extent the law allows, a party may request that the arbitrator take specific measures relating to a party's non-payment.

(b) Such measures may include, but are not limited to, limiting a party's ability to assert or pursue their claim. In no event, however, shall a party be precluded from defending a claim or counterclaim.

**(c)** The arbitrator must provide the party opposing a request for such measures with the opportunity to respond prior to making any ruling regarding the same.

**(d)** In the event that the arbitrator grants any request for relief which limits any party's participation in the arbitration, the arbitrator shall require the party who is making a claim and who has made appropriate payments to submit such evidence as the arbitrator may require for the making of an award.

**(e)** Upon receipt of information from the AAA that full payments have not been received, the arbitrator, on the arbitrator's own initiative or at the request of the AAA or a party, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

**(f)** If the arbitration has been suspended by either the AAA or the arbitrator and the parties have failed to make the full deposits requested within the time provided after the suspension, the arbitrator, or the AAA if an arbitrator has not been appointed, may terminate the proceedings.

## R-58. Sanctions

**(a)** The arbitrator may, upon a party's request, order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or results in an adverse determination of an issue or issues, the arbitrator shall explain that order in writing and shall require the submission of evidence and legal argument prior to making of an award. The arbitrator may not enter a default award as a sanction.

**(b)** The arbitrator must provide a party that is subject to a sanction request with the opportunity to respond prior to making any determination regarding the sanctions application.

## Preliminary Hearing Procedures

### P-1. General

(a) In all but the simplest cases, holding a preliminary hearing as early in the process as possible will help the parties and the arbitrator organize the proceeding in a manner that will maximize efficiency and economy, and will provide each party a fair opportunity to present its case.

(b) Care must be taken to avoid importing procedures from court systems, as such procedures may not be appropriate to the conduct of arbitrations as an alternative form of dispute resolution that is designed to be simpler, less expensive and more expeditious.

### P-2. Checklist

(a) The following checklist suggests subjects that the parties and the arbitrator should address at the preliminary hearing, in addition to any others that the parties or the arbitrator believe to be appropriate to the particular case. The items to be addressed in a particular case will depend on the size, subject matter, and complexity of the dispute, and are subject to the discretion of the arbitrator:

   (i) the possibility of other non-adjudicative methods of dispute resolution, including mediation pursuant to R-9;

   (ii) whether all necessary or appropriate parties are included in the arbitration;

   (iii) whether a party will seek a more detailed statement of claims, counterclaims or defenses;

   (iv) whether there are any anticipated amendments to the parties' claims, counterclaims, or defenses;

   (v) which

      (a) arbitration rules;

      (b) procedural law; and

      (c) substantive law govern the arbitration;

   (vi) whether there are any threshold or dispositive issues that can efficiently be decided without considering the entire case, including without limitation,

      (a) any preconditions that must be satisfied before proceeding with the arbitration;

      (b) whether any claim or counterclaim falls outside the arbitrator's jurisdiction or is otherwise not arbitrable;

      (c) consolidation of the claims or counterclaims with another arbitration; or

      (d) bifurcation of the proceeding.

**(vii)** whether the parties will exchange documents, including electronically stored documents, on which they intend to rely in the arbitration, and/or make written requests for production of documents within defined parameters;

**(viii)** whether to establish any additional procedures to obtain information that is relevant and material to the outcome of disputed issues;

**(ix)** how costs of any searches for requested information or documents that would result in substantial costs should be borne;

**(x)** whether any measures are required to protect confidential information;

**(xi)** whether the parties intend to present evidence from expert witnesses, and if so, whether to establish a schedule for the parties to identify their experts and exchange expert reports;

**(xii)** whether, according to a schedule set by the arbitrator, the parties will

    **(a)** identify all witnesses, the subject matter of their anticipated testimonies, exchange written witness statements, and determine whether written witness statements will replace direct testimony at the hearing;

    **(b)** exchange and pre-mark documents that each party intends to submit; and

    **(c)** exchange pre-hearing submissions, including exhibits;

**(xiii)** the date, time and place of the arbitration hearing;

**(xiv)** whether, at the arbitration hearing,

    **(a)** testimony may be presented in person, in writing, by videoconference, via the internet, telephonically, or by other reasonable means;

    **(b)** there will be a stenographic transcript or other record of the proceeding and, if so, who will make arrangements to provide it;

**(xv)** whether any procedure needs to be established for the issuance of subpoenas;

**(xvi)** the identification of any ongoing, related litigation or arbitration;

**(xvii)** whether post-hearing submissions will be filed;

**(xviii)** the form of the arbitration award; and

**(xix)** any other matter the arbitrator considers appropriate or a party wishes to raise.

**(b)** The arbitrator shall issue a written order memorializing decisions made and agreements reached during or following the preliminary hearing.

## Expedited Procedures

### E-1. Limitation on Extensions

Except in extraordinary circumstances, the AAA or the arbitrator may grant a party no more than one seven-day extension of time to respond to the Demand for Arbitration or counterclaim as provided in Section R-5.

### E-2. Changes of Claim or Counterclaim

A claim or counterclaim may be increased in amount, or a new or different claim or counterclaim added, upon the agreement of the other party, or the consent of the arbitrator. After the arbitrator is appointed, however, no new or different claim or counterclaim may be submitted except with the arbitrator's consent. If an increased claim or counterclaim exceeds $75,000, the case will be administered under the regular procedures unless all parties and the arbitrator agree that the case may continue to be processed under the Expedited Procedures.

### E-3. Serving of Notices

In addition to notice provided by Section R-43, the parties shall also accept notice by telephone. Telephonic notices by the AAA shall subsequently be confirmed in writing to the parties. Should there be a failure to confirm in writing any such oral notice, the proceeding shall nevertheless be valid if notice has, in fact, been given by telephone.

### E-4. Appointment and Qualifications of Arbitrator

**(a)** The AAA shall simultaneously submit to each party an identical list of five proposed arbitrators drawn from its National Roster from which one arbitrator shall be appointed.

**(b)** The parties are encouraged to agree to an arbitrator from this list and to advise the AAA of their agreement. If the parties are unable to agree upon an arbitrator, each party may strike two names from the list and return it to the AAA within seven days from the date of the AAA's mailing to the parties. If for any reason the appointment of an arbitrator cannot be made from the list, the AAA may make the appointment from other members of the panel without the submission of additional lists.

**(c)** The parties will be given notice by the AAA of the appointment of the arbitrator, who shall be subject to disqualification for the reasons specified in Section R-18. The parties shall notify the AAA within seven calendar days of any objection to the arbitrator appointed. Any such objection shall be for cause and shall be confirmed in writing to the AAA with a copy to the other party or parties.

### E-5. Exchange of Exhibits

At least two business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing. The arbitrator shall resolve disputes concerning the exchange of exhibits.

### E-6. Proceedings on Documents and Procedures for the Resolution of Disputes Through Document Submission

Where no party's claim exceeds $25,000, exclusive of interest, attorneys' fees and arbitration costs, and other cases in which the parties agree, the dispute shall be resolved by submission of documents, unless any party requests an oral hearing, or the arbitrator determines that an oral hearing is necessary. Where cases are resolved by submission of documents, the following procedures may be utilized at the agreement of the parties or the discretion of the arbitrator:

**(a)** Within 14 calendar days of confirmation of the arbitrator's appointment, the arbitrator may convene a preliminary management hearing, via conference call, video conference, or internet, to establish a fair and equitable procedure for the submission of documents, and, if the arbitrator deems appropriate, a schedule for one or more telephonic or electronic conferences.

**(b)** The arbitrator has the discretion to remove the case from the documents-only process if the arbitrator determines that an in-person hearing is necessary.

**(c)** If the parties agree to in-person hearings after a previous agreement to proceed under this rule, the arbitrator shall conduct such hearings. If a party seeks to have in-person hearings after agreeing to this rule, but there is not agreement among the parties to proceed with in-person hearings, the arbitrator shall resolve the issue after the parties have been given the opportunity to provide their respective positions on the issue.

**(d)** The arbitrator shall establish the date for either written submissions or a final telephonic or electronic conference. Such date shall operate to close the hearing and the time for the rendering of the award shall commence.

**(e)** Unless the parties have agreed to a form of award other than that set forth in rule R-46, when the parties have agreed to resolve their dispute by this rule, the arbitrator shall render the award within 14 calendar days from the date the hearing is closed.

**(f)** If the parties agree to a form of award other than that described in rule R-46, the arbitrator shall have 30 calendar days from the date the hearing is declared closed in which to render the award.

**(g)** The award is subject to all other provisions of the Regular Track of these rules which pertain to awards.

### E-7. Date, Time, and Place of Hearing

In cases in which a hearing is to be held, the arbitrator shall set the date, time, and place of the hearing, to be scheduled to take place within 30 calendar days of confirmation of the arbitrator's appointment. The AAA will notify the parties in advance of the hearing date.

### E-8. The Hearing

**(a)** Generally, the hearing shall not exceed one day. Each party shall have equal opportunity to submit its proofs and complete its case. The arbitrator shall determine the order of the hearing, and may require further submission of documents within two business days after the hearing. For good cause shown, the arbitrator may schedule additional hearings within seven business days after the initial day of hearings.

**(b)** Generally, there will be no stenographic record. Any party desiring a stenographic record may arrange for one pursuant to the provisions of Section R-28.

### E-9. Time of Award

Unless otherwise agreed by the parties, the award shall be rendered not later than 14 calendar days from the date of the closing of the hearing or, if oral hearings have been waived, from the due date established for the receipt of the parties' final statements and proofs.

### E-10. Arbitrator's Compensation

Arbitrators will receive compensation at a rate to be suggested by the AAA regional office.

## Procedures for Large, Complex Commercial Disputes

### L-1. Administrative Conference

Prior to the dissemination of a list of potential arbitrators, the AAA shall, unless the parties agree otherwise, conduct an administrative conference with the parties and/or their attorneys or other representatives by conference call. The conference will take place within 14 calendar days after the commencement of the arbitration. In the event the parties are unable to agree on a mutually acceptable time for the conference, the AAA may contact the parties individually to discuss the issues contemplated herein. Such administrative conference shall be conducted for the following purposes and for such additional purposes as the parties or the AAA may deem appropriate:

**(a)** to obtain additional information about the nature and magnitude of the dispute and the anticipated length of hearing and scheduling;

**(b)** to discuss the views of the parties about the technical and other qualifications of the arbitrators;

**(c)** to obtain conflicts statements from the parties; and

**(d)** to consider, with the parties, whether mediation or other non-adjudicative methods of dispute resolution might be appropriate.

### L-2. Arbitrators

**(a)** Large, complex commercial cases shall be heard and determined by either one or three arbitrators, as may be agreed upon by the parties. With the exception in paragraph (b) below, if the parties are unable to agree upon the number of arbitrators and a claim or counterclaim involves at least $1,000,000, then three arbitrator(s) shall hear and determine the case. If the parties are unable to agree on the number of arbitrators and each claim and counterclaim is less than $1,000,000, then one arbitrator shall hear and determine the case.

**(b)** In cases involving the financial hardship of a party or other circumstance, the AAA at its discretion may require that only one arbitrator hear and determine the case, irrespective of the size of the claim involved in the dispute.

**(c)** The AAA shall appoint arbitrator(s) as agreed by the parties. If they are unable to agree on a method of appointment, the AAA shall appoint arbitrators from the Large, Complex Commercial Case Panel, in the manner provided in the regular Commercial Arbitration Rules. Absent agreement of the parties, the arbitrator(s) shall not have served as the mediator in the mediation phase of the instant proceeding.

### L-3. Management of Proceedings

**(a)** The arbitrator shall take such steps as deemed necessary or desirable to avoid delay and to achieve a fair, speedy and cost-effective resolution of a Large, Complex Commercial Dispute.

**(b)** As promptly as practicable after the selection of the arbitrator(s), a preliminary hearing shall be scheduled in accordance with sections P-1 and P-2 of these rules.

**(c)** The parties shall exchange copies of all exhibits they intend to submit at the hearing at least 10 calendar days prior to the hearing unless the arbitrator(s) determines otherwise.

**(d)** The parties and the arbitrator(s) shall address issues pertaining to the pre-hearing exchange and production of information in accordance with rule R-22 of the AAA Commercial Rules, and the arbitrator's determinations on such issues shall be included within the Scheduling and Procedure Order.

**(e)** The arbitrator, or any single member of the arbitration tribunal, shall be authorized to resolve any disputes concerning the pre-hearing exchange and production of documents and information by any reasonable means within his discretion, including, without limitation, the issuance of orders set forth in rules R-22 and R-23 of the AAA Commercial Rules.

**(f)** In exceptional cases, at the discretion of the arbitrator, upon good cause shown and consistent with the expedited nature of arbitration, the arbitrator may order depositions to obtain the testimony of a person who may possess information determined by the arbitrator to be relevant and material to the outcome of the case. The arbitrator may allocate the cost of taking such a deposition.

**(g)** Generally, hearings will be scheduled on consecutive days or in blocks of consecutive days in order to maximize efficiency and minimize costs.

## Administrative Fee Schedules (Standard and Flexible Fees)

*FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT **www.adr.org/feeschedule.***

## Commercial Mediation Procedures

### M-1. Agreement of Parties

Whenever, by stipulation or in their contract, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association or under these procedures, the parties and their representatives, unless agreed otherwise in writing, shall be deemed to have made these procedural guidelines, as amended and in effect as of the date of filing of a request for mediation, a part of their agreement and designate the AAA as the administrator of their mediation.

The parties by mutual agreement may vary any part of these procedures including, but not limited to, agreeing to conduct the mediation via telephone or other electronic or technical means.

### M-2. Initiation of Mediation

Any party or parties to a dispute may initiate mediation under the AAA's auspices by making a request for mediation to any of the AAA's regional offices or case management centers via telephone, email, regular mail or fax. Requests for mediation may also be filed online via WebFile at **www.adr.org.**

The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the AAA and the other party or parties as applicable:

(i) A copy of the mediation provision of the parties' contract or the parties' stipulation to mediate.

(ii) The names, regular mail addresses, email addresses, and telephone numbers of all parties to the dispute and representatives, if any, in the mediation.

(iii) A brief statement of the nature of the dispute and the relief requested.

(iv) Any specific qualifications the mediator should possess.

### M-3. Representation

Subject to any applicable law, any party may be represented by persons of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA.

## M-4. Appointment of the Mediator

If the parties have not agreed to the appointment of a mediator and have not provided any other method of appointment, the mediator shall be appointed in the following manner:

**(i)** Upon receipt of a request for mediation, the AAA will send to each party a list of mediators from the AAA's Panel of Mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement.

**(ii)** If the parties are unable to agree upon a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all mediators on the list shall be deemed acceptable. From among the mediators who have been mutually approved by the parties, and in accordance with the designated order of mutual preference, the AAA shall invite a mediator to serve.

**(iii)** If the parties fail to agree on any of the mediators listed, or if acceptable mediators are unable to serve, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the authority to make the appointment from among other members of the Panel of Mediators without the submission of additional lists.

## M-5. Mediator's Impartiality and Duty to Disclose

AAA mediators are required to abide by the *Model Standards of Conduct for Mediators* in effect at the time a mediator is appointed to a case. Where there is a conflict between the *Model Standards* and any provision of these Mediation Procedures, these Mediation Procedures shall govern. The Standards require mediators to (i) decline a mediation if the mediator cannot conduct it in an impartial manner, and (ii) disclose, as soon as practicable, all actual and potential conflicts of interest that are reasonably known to the mediator and could reasonably be seen as raising a question about the mediator's impartiality.

Prior to accepting an appointment, AAA mediators are required to make a reasonable inquiry to determine whether there are any facts that a reasonable individual would consider likely to create a potential or actual conflict of interest for the mediator. AAA mediators are required to disclose any circumstance likely to create a presumption of bias or prevent a resolution of the parties' dispute within the time-frame desired by the parties. Upon receipt of such disclosures, the AAA shall immediately communicate the disclosures to the parties for their comments.

The parties may, upon receiving disclosure of actual or potential conflicts of interest of the mediator, waive such conflicts and proceed with the mediation. In the event that a party disagrees as to whether the mediator shall serve, or in the event that the mediator's conflict of interest might reasonably be viewed as undermining the integrity of the mediation, the mediator shall be replaced.

## M-6. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise, in accordance with section M-4.

## M-7. Duties and Responsibilities of the Mediator

(i) The mediator shall conduct the mediation based on the principle of party self-determination. Self-determination is the act of coming to a voluntary, uncoerced decision in which each party makes free and informed choices as to process and outcome.

(ii) The mediator is authorized to conduct separate or *ex parte* meetings and other communications with the parties and/or their representatives, before, during, and after any scheduled mediation conference. Such communications may be conducted via telephone, in writing, via email, online, in person or otherwise.

(iii) The parties are encouraged to exchange all documents pertinent to the relief requested. The mediator may request the exchange of memoranda on issues, including the underlying interests and the history of the parties' negotiations. Information that a party wishes to keep confidential may be sent to the mediator, as necessary, in a separate communication with the mediator.

(iv) The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. Subject to the discretion of the mediator, the mediator may make oral or written recommendations for settlement to a party privately or, if the parties agree, to all parties jointly.

(v) In the event a complete settlement of all or some issues in dispute is not achieved within the scheduled mediation session(s), the mediator may continue to communicate with the parties, for a period of time, in an ongoing effort to facilitate a complete settlement.

(vi) The mediator is not a legal representative of any party and has no fiduciary duty to any party.

## M-8. Responsibilities of the Parties

The parties shall ensure that appropriate representatives of each party, having authority to consummate a settlement, attend the mediation conference.

Prior to and during the scheduled mediation conference session(s) the parties and their representatives shall, as appropriate to each party's circumstances, exercise their best efforts to prepare for and engage in a meaningful and productive mediation.

## M-9. Privacy

Mediation sessions and related mediation communications are private proceedings. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## M-10. Confidentiality

Subject to applicable law or the parties' agreement, confidential information disclosed to a mediator by the parties or by other participants (witnesses) in the course of the mediation shall not be divulged by the mediator. The mediator shall maintain the confidentiality of all information obtained in the mediation, and all records, reports, or other documents received by a mediator while serving in that capacity shall be confidential.

The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding the following, unless agreed to by the parties or required by applicable law:

- **(i)** Views expressed or suggestions made by a party or other participant with respect to a possible settlement of the dispute;
- **(ii)** Admissions made by a party or other participant in the course of the mediation proceedings;
- **(iii)** Proposals made or views expressed by the mediator; or
- **(iv)** The fact that a party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

### M-11. No Stenographic Record

There shall be no stenographic record of the mediation process.

### M-12. Termination of Mediation

The mediation shall be terminated:

**(i)** By the execution of a settlement agreement by the parties; or

**(ii)** By a written or verbal declaration of the mediator to the effect that further efforts at mediation would not contribute to a resolution of the parties' dispute; or

**(iii)** By a written or verbal declaration of all parties to the effect that the mediation proceedings are terminated; or

**(iv)** When there has been no communication between the mediator and any party or party's representative for 21 days following the conclusion of the mediation conference.

### M-13. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation. Neither the AAA nor any mediator shall be liable to any party for any error, act or omission in connection with any mediation conducted under these procedures.

### M-14. Interpretation and Application of Procedures

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

### M-15. Deposits

Unless otherwise directed by the mediator, the AAA will require the parties to deposit in advance of the mediation conference such sums of money as it, in consultation with the mediator, deems necessary to cover the costs and expenses of the mediation and shall render an accounting to the parties and return any unexpended balance at the conclusion of the mediation.

### M-16. Expenses

All expenses of the mediation, including required traveling and other expenses or charges of the mediator, shall be borne equally by the parties unless they agree otherwise. The expenses of participants for either side shall be paid by the party requesting the attendance of such participants.

### M-17. Cost of the Mediation

*FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT* **www.adr.org/feeschedule.**

*© 2016 American Arbitration Association, Inc. All rights reserved. These rules are the copyrighted property of the*
*American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services.*
*Any unauthorized use or modification of these rules may violate copyright laws and other applicable laws.*
*Please contact 800.778.7879 or websitemail@adr.org for additional information.*

## Regional Vice Presidents

**States: Delaware, District of Columbia, Maryland, New Jersey, Pennsylvania, Virginia**
P. Jean Baker, Esq.
Vice President
Phone: 202.223.7093
Email: BakerJ@adr.org

**States: Oklahoma, Texas**
Andrew Barton
Vice President
Phone: 210.998.5750
Email: BartonA@adr.org

**States: Alabama, Georgia**
John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org

**States: City of Houston, Louisiana, Mississippi**
Ingeuneal C. Gray, Esq.
Vice President
Phone: 832.308.7893
Email: GrayI@adr.org

**States: Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont**
Karen Jalkut
Vice President
Phone: 617.695.6062
Email: JalkutK@adr.org

**States: Alaska, California, Hawaii, Oregon, Washington**
Serena K. Lee, Esq.
Vice President
Phone: 415.671.4053
Email: LeeS@adr.org

**States: Indiana, Kentucky, North Carolina, South Carolina, Tennessee, West Virginia**
Michelle M. Skipper
Vice President
Phone: 704.643.8605
Email: SkipperM@adr.org

**States: Florida**
Rebecca Storrow, Ph.D.
Vice President
Phone: 954.372.4341
Email: StorrowR@adr.org

**States: Arizona, Colorado, Kansas, Idaho, Montana, Nebraska, Nevada, New Mexico, Utah, Wyoming**
Lance K. Tanaka
Vice President
Phone: 303.831.0824
Email: TanakaL@adr.org

**States: Arkansas, Illinois, Iowa, Michigan, Minnesota, Missouri, North Dakota, South Dakota, Wisconsin**
A. Kelly Turner, Esq.
Vice President
Phone: 312.361.1116
Email: TurnerK@adr.org

**States: New York**
Jeffrey T. Zaino, Esq.
Vice President
Phone: 212.484.3224
Email: ZainoJ@adr.org

## Case Management Vice Presidents and Assistant Vice Presidents

Jeffrey Garcia
Vice President
Phone: 559.490.1860
Email: GarciaJ@adr.org
**Administers cases in: AK, AZ, AR, CA, CO, HI, ID, IL, IA, KS, LA, MN, MS, MO, MT, NE, NV, NM, ND, OK, OR, SD, TX, UT, WA, WI, WY**

John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org
**Administers cases in: AL, DC, FL, GA, IN, KY, MD, NC, OH, SC, TN, VA**

Yvonne Baglini
Assistant Vice President
Phone: 866.293.4053
Email: BagliniY@adr.org
**Administers cases in: CT, DE, MA, ME, MI, NH, NJ, NY, PA, RI, VT, WV**

AMERICAN ARBITRATION ASSOCIATION®

800.778.7879 | websitemail@adr.org | adr.org